O'Daniel, et al. v. Smith.

CASE 86.—ACTION BY JOHN SMITH AGAINST O'DANIEL
AND WIFE FOR MALICIOUS PROSECUTION.—
January 22, 1902.

## O'Daniel, et al. v. Smith.

### Appeal from Marion Circuit Court.

### From the judgment defendant appeals.—Reversed.

1. Malicious Prosecution—Evidence.—In an action for damages against a husband and wife for malicious prosecution of the plaintiff, on a charge of removing certain tools, the property of the wife. it was error to refuse to permit the defendant to ask the plaintiff on cross-examination if he had not, during the summer before, taken live stock and other personal property belonging to the wife.

2. Evidence.—It was error to refuse to permit the defendant to testify that he knew that the plaintiff had the summer previous carried away certain articles from defendant's farm, the property of defendant's wife.

3. Probable Cause.—It was error to refuse to permit defendant to state to the jury what inquiries he had made, and from whom he had received information regarding the taking of the tools, before instituting the prosecution, as this tended to show that he had acted prudently and with probable cause.

4. Peremptory Instruction.—Where the undisputed facts showed that the plaintiff had, without knowledge or consent of the defendant, removed from their possession certain blacksmith tools belonging to the wife, by the direction of one who had no shadow of authority to give such orders, and who was at that time engaged in an acrimonious litigation with the defendant, and who had caused several other similar depredations to be made against the defendant, and it appeared further that in suing out the warrant for plaintiff's arrest, he had laid the facts before a competent attorney, and the defendant's good faith in the matter being unimpeached, it being the duty of the court to determine the issue and apply the law where the facts are uncontradicted, it was error to give a peremptory instruction for the defendant.

H. W. RIVES for appellant.

BEN SPALDING for appellee.

O'Daniel, et al. v. Smith.

OPINION OF THE COURT BY JUDGE BURNAM—Reversing.

The appellee, John Smith, instituted this suit against the appellants, O'Daniel and wife, to recover damages upon the ground that appellants had maliciously and without probable cause had him arrested and tried for unlawfully taking and carrying away a lot of blacksmith tools belonging to the appellant, Mary, a trial before the Judge of the Marion County Court having resulted in the acquittal of the plaintiff. The trial resulted in a verdict in favor of appellee for $200.00, which we are asked to reverse, first because of numerous errors to appellant's prejudice in the rejection of material testimony. And second, because the court refused to direct the jury to find a verdict for the defendant. We will first consider the errors in the rejection of testimony.

Upon cross-examination of appellee, he was asked if he had not during the summer of 1899, before taking the blacksmith tools committed other depredation of a similar character upon the appellant's farm, by removing live stock and other personal property used thereon by O'Daniel and his tenant. To which question the plaintiff objected and the court sustained the objection, this was clearly error. Lafayette Baxter was also introduced as a witness for the plaintiff. He testified that he had directed John and Dick Smith to take possession of the tools; and that a few days after they were taken he allowed appellant's tenant, Taylor, to take some of them back. He was asked upon cross-examination if Taylor had not paid him $3.25 before he would let him have any of the tools. In response to this question the witness answered that it was a lie, and when shown a receipt

given by him to Taylor for $3.25, said that it was for rent. The defendant thereupon asked him for what time the rent was paid. Plaintiff objected and the court sustained the objection, remarking in the presence of the jury that the witness had said that it was for rent and that it was not necessary to inquire further on that line. This was error, the defendant had a right to test the accuracy of the witness's statement by cross-examination. He was also asked if the blacksmith tools had not been bought with money realized in farming operations while he was carrying on the farm for Mary O'Daniel and her mother. The court erroneously sustained an exception to this question, and refused to permit the defendant to prove that the blacksmith tools in question were property of the defendant, having been bought with her money arising from the operations of the farm. When the appellant, O'Daniel, was on the stand, he was asked if he knew that plaintiff, Smith, had during the summer 1899, without his consent and in his absence carried away from the farm divers articles belonging to his wife, to which plaintiff objected and the court sustained the objection. This was error. The court also refused to permit him to state to the jury what inquiries he made and from whom he received information, before instituting the prosecution, what he had been told and by whom with regard to the taking of the tools, and that in relating to counsel the information which he had received that he acted in good faith for the protection of his rights. In all of which the court erred, as the testimony was clearly competent and tended to show that he had acted prudently and with probable cause.

The undisputed facts disclosed by the testimony are that the appellee without the knowledge or con-

O'Daniel, et al. v. Smith.

sent of either of the appellants removed from the possession of their tenant certain blacksmith tools belonging to Mary O'Daniel by the direction of one Baxter, who had no shadow of authority to give such orders. It also clearly appears that appellants had been subjected to several similar depredations at the instigation of the same party, with whom they were at that time conducting an acrimonious litigation; and that appellee knew this fact, that O'Daniel before suing out the warrant for appellant's arrest, had laid the facts before a competent attorney who advised the course pursued upon the ground that appellee was insolvent and the only remedy of appellants to prevent similar trespasses in the future was to resort to criminal law. There is absolutely no proof to impeach his good faith in the matter. There is not a particle of testimony that Mary O'Daniel had anything to do with the swearing out of the warrant or setting on foot the prosecution against appellee.

In an action for malicious prosecution where the facts are uncontradicted, it is the duty of the judge to determine the issue and apply the law, and under facts of this case we are of the opinion that a peremptory instruction should have gone. Myer v. E. St. L. & Tex. R. R. Co., 17 Ky. Law Rep., 945; Moore v. Large 20 Ky. Law Rep., 409, Hilliard on Torts V. 1, p. 438; Newell on Malicious prosecutions p. 267 and 269.

For reasons indicated the judgment is reversed and cause remanded for proceedings not inconsistent with this opinion.