CASE 68—ACTION BY ELSIE FLOWERS' GUARDIAN AGAINST D. P. NEWMAN AND OTHERS.—Sept. 28, 1909.

## Newman, &c. v. Flowers' Gdn.

Appeal from Ballard Circuit Court.

R. J. Bugg, Circuit Judge.

From a judgment for plaintiff on demurrer to the answer, defendants appeal.—Affirmed.

1. Guardian and Ward — Appointment — Statutory Provisions— Bond.—Ky. St. 1909, Sec. 3903, requires the county court in each county to appoint a fit person to act as administrator of decedents' estates of which there is no personal representative and as guardian of such orphans as have none; section 3904 (section 3925) provides that he shall execute bond with surety and shall be styled "public administrator and guardian of — county;" section 3905 (section 3926) requires the county courts of all counties in which there is a public administrator and guardian to confide to him the administration of the estate of all deceased persons, if after three months after their death no one applies for their administration, and to confide to such public administrator and guardian the control of the estate of minors without tes-

tamentary guardians; and section 3906 provides that the public administrator and guardian shall have all powers and be subjected to the same liabilities as administrators and guardians. Held, that the statute imposes upon the same person both the duty of public administrator and of public guardian, and that the clerk of the court, in entering the order of appointment of such official and taking his official bond, only styled him "public administrator," omitting the title "guardian," did not relieve him of the duties of public guardian, where he undertook to care for an orphan's estate, so that his sureties can not object that they were not bound for his acts as public guardian.

2. Evidence—Presumption—Knowledge of Statutes.—The official sureties of a public administrator and guardian are presumed to know the statutes under which their principal is appointed, and that such statutes require the county court to confide to him the estate of both deceased persons and infant orphans.

J. B. WICKLIFFE for appellants.

J. E. CONLEY for appellee.

Opinion of the court by Chief Justice Nunn—Affirming.

This appeal is from a judgment of date May 9, 1909, rendered against appellants, D. P. Newman and Charles Wickliffe, as sureties of B. F. Burton, as public administrator and guardian of Ballard county. The date of his appointment was January, 1904. J. J. Grace, the present guardian of Elsie Flowers, first instituted an action against Burton and recovered a personal judgment against him for something over $1,100 the amount he wasted and failed to account for of the fund belonging to his ward.

Appellee collected a small portion of that judgment and then recovered the balance, $1,088, from his sureties in this action. There is no claim that Burton did not misappropriate that amount of the fund belonging to his ward. The only question made by ap-

pellants is that they as his sureties, under the peculiar facts of the case, are not responsible to appellee for the sum or any part of the sum adjudged against them.

It was alleged in the petition that Burton was appointed by the county court of Ballard county public administrator and guardian for that county, and as such executed bond, according to law, with appellants as his sureties; that after the appointment and the execution of the bond the county court, in the year 1905, ordered that Burton, as public administrator and guardian, take possession of the funds of Elsie Flowers, now appellee's ward, she at that time having no one to take charge of and care for the funds belonging to her, and no one would apply for and serve as such by appointment of the court.

Appellants answered the petition as follows: "Now comes the defendants, D. P. Newman and Charles Wickliffe, for answer herein deny that they entered into bond as surety for the defendant Burton as public guardian of Ballard county. They state that they signed the bond as surety for said Burton as public administrator of Ballard county and did not sign said bond as surety of the said Burton as public guardian, and that said bond does not bind them in any respect for the acts of said Burton as guardian of Elsie Flowers or any one else, and they deny that they ever did or ever intended, or that it was ever understood by them or any one else that they should become the sureties of said Burton as public guardian of Elsie Flowers or as guardian of any one else. They deny that B. F. Burton was ever appointed public guardian of Ballard county. They therefore deny that they are indebted to the plaintiff herein in any sum what-

ever, or that they are liable to him as surety of Burton for any sum whatever.''

A demurrer was filed to this answer, which was sustained by the court, and, appellants failing to plead further, judgment was rendered against them, from which they appeal. It will be observed that appellants admit that Burton was duly appointed public administrator, and that they signed and executed his bond as such for Ballard county, Ky. The point made by appellants is that Burton was not appointed public guardian, nor did they sign his bond as sureties as such.

We have not been cited to, nor have we been able to find, an opinion by this court which throws any light upon the question before us. The sections of the statutes which have reference to the question under consideration are as follows:

''Section 3903. There shall be appointed in each county in this state, by the county court thereof, a discreet, fit person to act as administrator of decedents' estates, of which there is no personal representative, and as guardian of such orphans as have none.

''Section 3904. He shall continue in office two years, and until his successor is qualified; but may be removed by the court in the same manner and for the same causes for which administrators or guardians may be removed. He shall be sworn and execute bond, with good surety, to the commonwealth for the faithful discharge of his duties, and shall be styled 'Public Administrator and Guardian of ——— county.'

''Section 3905. The several county courts of this Commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in

which, by law, the jurisdiction to grant letters testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one will qualify as executor or apply for administration; and shall also confide to said public administrator and guardian the care and control of the persons and estates of all minors, in case that it shall appear that such minor hath no testamentary guardian, and no one will apply for or serve as such by the appointment of the court.

"Section 3906. The public administrator and guardian shall have all the powers, be subjected to the same liabilities, and be governed by the same laws in all respects as are prescribed for administrators and guardians."

It appears from the statute that it was the imperative duty of the county court of Ballard county to appoint a discreet and fit person to act as public administrator and guardian for that county. The county court was not authorized, under the statute, to appoint one person public administrator and another person as public guardian. The statute requires that one person perform all the duties named therein, and that he execute bond for the faithful performance of his duties, and that he be styled "public administrator and guardian."

It appears that the trouble arose in this case from the fact that the clerk of the court in entering the order of appointment of Burton and taking his official bond omitted to style him as guardian, and only referred to him as public administrator. This was evidently a mistake or oversight. The styling of him as public administrator and guardian was a matter of form. The purpose and intent of the statute was

to have a discreet and fit person designated to whom the settlement of deceased persons' estates and the estates of all minors should be confided for protection and settlement under the conditions and circumstances named in the statute. The official name by which he is designated is not in our opinion very material. In our opinion, it was as much the duty of Burton in his official capacity to receive and care for the estate of the infant Elsie Flowers when confided to him by the county court as it was to receive and disburse the estate of deceased persons, and appellants, his sureties, were bound for the faithful discharge of Burton's duties in respect to her estate, and they can not now be heard to say that they had no intention of becoming bound for his acts as public guardian, for, when they signed the bond, they were presumed to have knowledge of the statutes above copied which compelled the county court to confide to him the estates of both deceased persons and infants, and they can not escape on account of the oversight of the clerk of the court in failing to insert in the order and bond the word "guardian." The statute by its terms placed the word there.

For these reasons, the judgment of the lower court is affirmed.