## Moser v. Fable.

(Decided May 5, 1915.)

## Appeal from Bullitt Circuit Court.

1. Malicious Prosecution—Venue.—A suit to recover damages for a malicious prosecution may be brought in the county in which the plaintiff was arrested.

2. Malicious Prosecution—Probable Cause—Burden of Proof.—The want of probable cause is the essential ground of an action for malicious prosecution, and the burden of proof is upon the plaintiff to show affirmatively, by circumstances, or otherwise, that the defendant had no ground for commencing the prosecution.

3. Malicious Prosecution—Probable Cause.—In a suit for a malicious prosecution, whether the circumstances relied upon to show the want of probable cause are true and existed, is a question of fact to be determined by the jury; whether the facts established amount to probable cause, is a question of law for the court.

4. Malicious Prosecution—When Peremptory Instruction May Be Given in Action For.—The rule as to when a peremptory instruction should be given in an action for malicious prosecution is not different from the rule applicable in other like civil actions; a peremptory instruction should be given when the facts are undisputed, and on the undisputed facts there is no room for a difference of opinion among reasonable men as to the inference to be drawn from them.

5. Malicious Prosecution—Gist of Action.—The gist of an action for malicious prosecution is the abuse of the process of the court; to make out his case the plaintiff must show both malice and want of probable cause.

6. Malicious Prosecution—Advice of Counsel.—Where the defendant in a suit for a malicious prosecution, before procuring the arrest of the plaintiff, laid all the facts upon which he based his prosecution before a competent attorney, and fairly obtained his advice that such prosecution was legal, and then in good faith acted upon his advice, it is a complete defense to the action.

7. Malicious Prosecution—Advice of Counsel.—When properly obtained, the advice of counsel is a complete defense to an action for malicious prosecution, however erroneous the advice may have been.

M. N. WEBSTER for appellant.

J. F. COMBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Reversing.

This is an appeal by Joseph L. Moser, who was the defendant below, from a verdict and judgment rendered

against him on April 15th, 1914, in the Bullitt Circuit Court for $250.00, for an alleged malicious prosecution of Fable, who was the plaintiff below.

The arrest resulted from an unprofitable business venture in which Moser and Fable were partners during the summer and autumn of 1911. Moser lived in Louisville, and Fable was engaged in the business of a huckster.

In August, 1911, Moser and Fable entered into a written contract of partnership, by which Moser furnished and delivered to Fable a stock of dry goods and groceries valued at $617.07, and two horses, a wagon and a set of harness to be used by Fable as a huckster team. The stock of dry goods and groceries was to be kept by Fable in a store room furnished by Moser at Pitt's Point, in Bullitt County. The store was to be managed and controlled by Fable in the sale of goods. This, of course, gave Fable the right to sell the goods. The profits were to be equally divided between them, and Fable was to discharge his indebtedness to Moser by paying him $20.00 each month out of his share of the profits, for a period of 12 months; and thereafter Fable was to pay $63.00 per month for 6 months until said sum of $617.07 was fully paid to Moser. Thereafter, the stock of goods was to be owned by them equally. The contract expressly provided that the stock of dry goods and groceries should remain the property of Moser until Fable had paid for it.

The business did not progress to the satisfaction of Moser, and, on December 13th, 1911, he visited the store at Pitt's Point, and took an inventory of the stock of goods, which showed there was on hand goods and groceries of the value of $126.25, and $22.00 in money and checks. According to Moser's testimony, when he asked Fable what had become of the remainder of the goods, Fable answered that he did not know. Moser consulted Moses N. Webster, his attorney, as to the course to be taken to recover his property, and the two, in turn, conferred with Judge William McKee Duncan, showing him the contract. Judge Duncan was of opinion that Fable had violated section 1358a of the Kentucky Statutes, which made it a felony, punishable by confinement in the penitentiary for not less than one nor more than five years, for anyone to convert to his own use money or property of the value of $20.00, or more, without the

consent of the owner thereof; but he advised Moser not to take out a warrant for Fable's arrest without the advice of the county attorney of Bullitt County.

Judge Duncan wrote out and gave Moser a copy of the statute. Moser went to Shepherdsville, consulted Bradbury, the county attorney of Bullitt County, showed him the note from Judge Duncan and the written contract of partnership, and told him all the facts and circumstances of the case; whereupon, Bradbury wrote out the affidavit for the arrest of Fable, and Moser made oath to it before County Judge Daniel, who then issued the warrant for Fable's arrest. Upon the trial Fable was acquitted.

Moser says he was advised by County Attorney Bradbury that it was his duty to make the affidavit and take out the warrant. Bradbury admits that Moser showed him Judge Duncan's memorandum, which he says was a copy of section 1358a of the Kentucky Statutes; and he further says he told Moser that if Fable had violated that section he ought to prosecute him. Bradbury did not remember whether Moser showed him the contract, although he says Moser may have done so; and that he did not remember all the statements Moser made to him. But Moser says he did show the contract to Bradbury, and in this he is not contradicted.

At the close of the evidence, appellant moved the court to peremptorily instruct the jury to find for the defendant, but the motion was overruled.

For a reversal, appellant insists: (1) That his motion to quash the return upon the summons served upon him in Jefferson County should have been sustained; and (2) that the court erred in overruling his motion to peremptorily instruct the jury to find for the defendant.

1. The trial court properly overruled the motion to quash the return upon the summons, since it is provided by section 74 of the Civil Code of Practice, as amended by the act of 1910, that an action for an injury to the character of the plaintiff, against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done. The proviso relating to actions for libel has no application here. The arrest having been made in Bullitt County, the venue was properly laid there.

2. There is little room for any real dispute as to the facts in this case; and the only questions we deem it necessary to consider upon this appeal are, whether there was any evidence tending to show that Moser acted maliciously or that he prosecuted Fable without probable cause. The want of probable cause is the essential ground of the action, and the burden of proof is upon the plaintiff to show affirmatively, by circumstances or otherwise, that the defendant had no ground for commencing the prosecution. Whether the circumstances relied upon to show the want of probable cause are true and existed is a matter of fact, to be determined by the jury; but whether the facts established amount to probable cause is a question of law for the court. Newell on Malicious Prosecution, p. 10; Roberts v. Thomas, 135 Ky., 63, 21 Ann. Cas., 456; Hudson v. Nolan, 142 Ky., 824; Schott v. Indiana National Life Ins. Co., 160 Ky., 533.

In the Schott case, *supra,* we said:

"What facts and circumstances amount to probable cause is a question of law. Whether they exist or not in any particular case where the evidence is conflicting is a question of fact to be determined by the jury. But where there is no conflict in the evidence, whether the facts shown amount to probable cause is ordinarily a question of law for the court. (Authorities cited.)

"The rule as to when a peremptory instruction should be given in actions for malicious prosecution is not different from that applicable in other like civil actions. A peremptory instruction should be given where the facts are undisputed, and on the undisputed facts, there is not room for a difference of opinion among reasonable men as to the inference to be drawn from them. The gist of an action for malicious prosecution is the abuse of the process of the court. To make out his case the plaintiff must show both malice and want of probable cause. The proper enforcement of our criminal laws requires that persons should not be deterred from instituting proceedings to enforce them where they have probable cause for their action."

See also Meyer v. Louisville, St. L. & T. L. Ry. Co., 98 Ky., 365; O'Daniel v. Smith, 23 Ky. L. R., 1822, 66 S. W., 284; Lancaster v. McKay, 103 Ky., 610; Tandy v. Riley, 26 Ky. L. R., 98, 80 S. W., 776; 26 Ky. L. R., 993, 82 S. W., 1000; Singer Sewing Machine Co. v. Dyer, 156 Ky., 156.

The undisputed proof shows that Moser acted in good faith. Furthermore, not being a lawyer, Moser naturally sought the advice of Webster, his attorney, as to what he should do under the circumstances; and, out of abundant caution, and upon Webster's advice, he consulted Judge Duncan, who advised Moser that Fable had violated the statute under which he was afterwards indicted. Before taking any steps, however, Moser followed Judge Duncan's advice by taking the further advice of the county attorney of Bullitt County, and was again advised that Fable had violated the statute. It was not until Moser had been advised by three attorneys, and all to the effect that Fable was guilty of the offense for which he was subsequently indicted, that Moser made the affidavit upon which Fable was arrested.

The law on the question of the advice of counsel as a defense to suits of this character is well settled in this State. Without going into an elaborate discussion of the question, it is sufficient to refer to the opinion of this court in the case of the National Life & Accident Ins. Co. v. Gibson, 31 Ky. L. R., 101, 101 S. W., 895, 12 L. R. A. (N. S), 717, where we said:

"This court has held in a long line of cases that if one, before procuring the arrest of another, laid all of the facts upon which he based his prosecution before a competent attorney and fairly obtained his advice that such prosecution was legal, and then in good faith acted upon this advice, it is a complete defense to the action. Mesker v. McCourt, 19 Ky L. R., 1897; Farmers & Shippers Tobacco Warehouse Co. v. Gibbon, 21 Ky. L. R., 1348; Lancaster v. Langston, 18 Ky. L. R., 299; Tandy v. Riley, 26 Ky. L. R., 98, 80 S. W., 776."

And, when thus properly obtained, the advice of counsel is a complete defense, however erroneous it may have been. Gatz v. Harris, 134 Ky., 550; Weddington v. White, 148 Ky., 673; United Furniture Co. v. Wills, 158 Ky., 806.

Applying this rule to the facts of this case, we find it somewhat difficult to designate what more or different steps the appellant could have taken to justify him in causing the appellee's arrest. He not only acted without malice, but after a full submission of all the facts he acted upon the advice of three attorneys, who were of one opinion. Under this evidence, the court should

have sustained defendant's motion for a peremptory instruction.

In view of the conclusion reached, we deem it unnecessary to consider the other assigned errors, which relate to the instructions and the admission and exclusion of evidence.

Judgment reversed.