## Dyer v. Singer Sewing Machine Company.

(Decided May 6, 1915.)

### Appeal from Magoffin Circuit Court.

1. Malicious Prosecution—Advice of Counsel.—Advice of counsel is a defense to an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused, which the prosecutor knew, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel.

2. Criminal Law—Conversion of Personal Property Under Section 1358a, Kentucky Statutes—Failure to Record Instrument.—In a prosecution under Section 1358a, of the Kentucky Statutes for the conversion of personal property without the consent of the owner, the failure to record the instrument under which the property is held, is not material.

3. Malicious Prosecution—Advice of Counsel—When a Complete Defense.—In a suit to recover damages for a malicious prosecution, the advice of counsel, when properly obtained, is a complete defense, however erroneous it may have been.

O'REAR & WILLIAMS and JOHN H. GARDNER for appellant.

FRANK V. BENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

This suit by Mary Dyer to recover damages for an alleged malicious prosecution instituted against her by the Singer Sewing Machine Company is here for the second time. The opinion upon the former appeal fully sets forth the facts and the law of the case, and may be read in 156 Ky., 156. A restatement of the facts, in detail, is unnecessary. It will be sufficient to say that Mrs. Dyer had bought a sewing machine from the appellee, on credit, and under a written contract which attempted to retain the title in the company; that upon Mrs. Dyer's refusal to surrender the machine upon a default in her payments, the company caused her arrest under section 1358a of the Kentucky Statutes for the conversion of the machine without the consent of the owner; and, that she was acquitted.

Upon the first trial of this case Mrs. Dyer obtained a judgment for $5,000.00; but that judgment was reversed, because this court was of opinion that under the evidence the trial court should have peremptorily instructed the jury to find for the defendant.

Upon the second trial, in which the evidence was substantially, if not identically, the same as upon the first trial, the circuit court directed a verdict for the defendant, and from that ruling Mrs. Dyer prosecutes this appeal.

Passing the first ground upon which the circuit court rested its opinion, which was, that Wheeler, in procuring the arrest of the appellant, was not acting for the company, and taking up the second ground relied upon for a reversal, that the case should have been submitted to the jury upon the issue as to whether Wheeler fairly and fully disclosed to the attorneys whom he consulted all the facts bearing upon the guilt or innocence of the accused, appellant insists:  (1) That Wheeler could have ascertained from the agent who sold the machine any agreement outside of the mortgage contract which the agent had made with Mrs. Dyer as to what the machine was to cost, and the time within which the purchase money was to be paid; and (2) that Wheeler could have procured from his principal the original mortgage, which would have shown an interlineation providing for a discount of twenty per cent. if paid within a certain number of months.

We see no real merit in either of these contentions; and neither fact is important, even though its truth be conceded.  Wheeler submitted to the county attorney a printed form of the contract which was usually taken in all like sales, and was used in this case.  It showed the rights of the parties respecting the sewing machine. The questions of the price of the machine and the amount that was due under the contract, were both subordinate to the question of title; and, as the evidence shows, without contradiction, that the machine had not been fully paid for under the terms of the contract, the only question upon which the county attorney was called upon to advise was the question of title, or ownership.

If the machine was the property of the company, the prosecution was maintainable under section 1358a of the Kentucky Statutes; on the other hand, if the machine belonged to Mrs. Dyer, and the company had only a mortgage upon it, the prosecution was not maintainable.  But the question of title was to be determined by the instrument as shown by its printed provisions, and not by the provisions relating to the price of the machine, or the discount that should be allowed for cash.

These matters related only to the question of debt or no debt, and upon that issue there could be, under the proof, no real difference of opinion. That Mrs. Dyer had not fully paid for the machine under any view of the contract, was thoroughly established, if not admitted.

It will thus be seen that upon the question of title the case was precisely the same upon the second trial as it was upon the first.

In discussing that question upon the first appeal, and after pointing out the apparent difference between the earlier and the later case of sales of personalty under a contract which attempted to retain the title in the vendor, we said:

"There was no dispute in the case that the sewing machine was of the value of more than $20.00; and there were reasonable grounds to believe that Mrs. Dyer had disposed of the machine. The statute, therefore, would apply, if the machine was the property of the sewing machine company, as the mortgage provides it should be. Formerly, the law in this State was that such an instrument was valid and enforceable according to its terms. Swigert v. Thomas, 7 Dana, 226; Spaulding v. Scanland, 4 B. M., 365; Brown v. Phillips, 3 Bush, 658. These cases were recognized as the law as late as Parks v. Parks, 9 R., 346, decided February 2, 1887. But in the later cases, such instruments are held merely to give the vendor a lien for the price, to be enforced by action. Gaar, Scott & Co. v. Lyon, 99 Ky., 672; Wonder Blue Gem Coal Co. v. Louisville Property Company, 137 Ky., 339; Aultman, Taylor & Co. v. Meade, 121 Ky., 241. The attorneys seem to have had in mind the rule laid down in the earlier cases, and to have misadvised Wheeler, but there was no substantial misstatement of the facts by him. The attorneys had before them all the facts that Wheeler had, and in matters of this sort, a man must of necessity rely on the judgment of his lawyer. It is true the county attorney called the offense embezzlement, when it should have been designated as the statutory offense of fraudulent conversion of property without the consent of the owner, but this misdescription of the offense was also the act of the attorney, and was not material, for on the trial the magistrate could at any time have corrected the warrant, and held the defendant over for the statutory offense. Both were

felonies. His error consisted in simply giving the offense a wrong name. The attorney was aiming in fact to proceed under the statute. The evidence by Wheeler and the attorneys is entirely uncontradicted, and on this testimony, we conclude that Wheeler exercised such care as a man of ordinary prudence may be usually expected to take; and that on the evidence, the court should have instructed the jury peremptorily to find for the defendant.''

So, while we fully recognize the general rule relied upon by counsel for appellant that the advice of counsel is a defense to an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused which the prosecutor knew, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel, it nevertheless follows, under the facts of this case, that the peremptory instruction should have been given, because there was a full disclosure by Wheeler. Schott v. Indiana National Life Ins. Co., 160 Ky., 533. The error of law upon the part of the county attorney did not deprive the company of its defense that Wheeler acted upon the advice of counsel, since the advice of counsel, when properly obtained, is a complete defense, however erroneous it may be. Gatz v. Harris, 134 Ky., 557; Moser v. Fable, 164 Ky.,517.

Attorneys for appellant lay some stress upon the fact that Wheeler did not tell the county attorney that the Dyer mortgage had not been recorded; and the inference is suggested that unless it was recorded no offense was committed. Furthermore, it is inferentially argued that if the county attorney had been advised that the mortgage had not been recorded, he would readily have seen from section 1358 of the Kentucky Statutes that no offense had been committed by Mrs. Dyer; and that, therefore, he would not have advised the prosecution. As to this argument we will content ourselves by merely observing that it is made under section 1358, which is an entirely different statute, applying to a concealment of mortgaged personalty, and has nothing whatever to do with this case. The prosecution here was had under section 1358a, for a conversion of property without the consent of the owner, in which the question of a mortgage, or the recording thereof, is wholly immaterial.

It is unnecessary to consider the question suggested in the former opinion, that plaintiff's case should fail in case the prosecution against her had been terminated by a compromise and a restoration of the property.

Judgment affirmed.