## Carrigan v. Graham.

(Decided October 21, 1915.)

Appeal from McCracken Circuit Court.

Malicious Prosecution—Peremptory Instruction for Defendant on Undisputed Showing of Advice of Counsel.—Where the undisputed

evidence shows that the defendant in an action for malicious prosecution made a fair and full statement of the facts to the attorney upon whose advice the prosecution was instituted, the trial court properly directed a verdict for the defendant.

BERRY & GRASSHAM and W. A. MIDDLETON for appellant.

JOHN G. LOVETT and WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Mrs. Myrtle Carrigan was arrested upon a warrant issued by a magistrate of McCracken County, procured by Jake Graham and wife, charging her with the offense of petty larceny. The grand jury being in session, she was held to await its action; and the prosecution having been referred to and considered by the grand jury was dismissed, and she was thereupon discharged.

She then instituted this action against Graham to recover damages for alleged malicious prosecution; and upon a trial, the court directed a verdict for the defendant at the close of all the evidence, and dismissed the petition. The plaintiff appeals.

The facts in the case, as shown by the evidence for the plaintiff, are that she and the defendant lived in the country, about half a mile apart; that in October or November, 1912, a goose disappeared from the premises of the plaintiff; that in April, 1913, plaintiff went over to Graham's and inquired of Mrs. Graham whether she had seen a stray goose; Mrs. Graham replied that she had not, that there was no stray goose about their premises unless it had come there that day; that she thereupon went to look at some geese Mrs. Graham had there, and that she took one of them home with her.

The magistrate testified that Graham and his wife applied to him for a warrant against Mrs. Carrigan, and that he referred them to the county attorney; that they came back later with a warrant drawn up by the county attorney and that he issued it on the sworn testimony of Mrs. Graham, charging Mrs. Carrigan with petty larceny.

The defendant proved by the county attorney that the Grahams came to his office and told him they had been sent there by the magistrate; that Mrs. Graham told him that Mrs. Carrigan had come to her house, and asked for the goose; that she, Mrs. Graham, informed Mrs. Carrigan that the goose was not there; that Mrs. Carrigan's goose had been missing about three months;

that she told Mrs. Carrigan there was no stray goose about the premises unless it had come there that morning; that thereupon Mrs. Carrigan went down the road to where Mrs. Graham's geese were in a field, and got over the fence. seized a goose and took it home with her; that he thereupon advised them that Mrs. Carrigan was guilty of the offense of petty larceny and wrote a warrant accordingly, which he gave to them to take back to the magistrate for issual.

Under this evidence, it is insisted by appellant that the trial court erred in directing a verdict for the defendant. Appellant concedes that advice of counsel is a complete defense in an action for malicious prosecution; but contends (1) that all due diligence must be exercised by the prosecutor in obtaining all the facts relating to the offense, and (2) that the prosecutor must make a full and fair statement of such facts to the attorney upon whose advice the prosecution is commenced; that if these things have been done, they constitute probable cause and therefore a complete defense; but that it is for the jury to say whether these things have been done. In other words, it seems to be appellant's contention that a peremptory instruction is never justified upon the ground of acting under advice of counsel.

The rule in this respect was laid down in Schott v. Indiana National Life Insurance Company, 160 Ky., 533; 169 S. W., 1023, as follows:

"What facts and circumstances amount to probable cause is a question of law. Whether they exist or not, in any particular case where the evidence is conflicting, is a question of fact to be determined by the jury. But where there is no conflict in the evidence, whether the facts shown amount to probable cause, is ordinarily a question of law for the court."

See also, Moser v. Fable, 164 Ky., 517; 175 S. W. 997; Dyer v. Singer Sewing Machine Company, 164 Ky., 538; 175 S. W., 1037; National Life & Accident Ins. Co. v. Gibson, 101 S. W., 895; 31 R., 101.; 12 L. R. A. (N. S.), 717; O'Daniel v. Smith, 66 S. W., 284; 23 R., 1822.

In the instant case, the proof shows without contradiction or dispute that the Grahams made a full and fair statement of all the facts to the attorney upon whose advice the prosecution was instituted and acted upon his advice. Under these circumstances, the trial court properly directed a verdict for the defendant.

Judgment affirmed.