**Helen Lebus MAYES et al., Appellants,**

v.

**Robert M. WATT, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1964.

Rehearing Denied March 26, 1965.

Weldon Shouse, Shouse & Barker, Lexington, for appellants.

J. C. Helton, Pineville, for appellee.

CULLEN, Commissioner.

Helen Mayes and her husband, Robert, appeal from a judgment awarding Robert M. Watt, Jr., $50,000 damages for malicious prosecution.

Various grounds of error are asserted but we find it necessary to consider only the ground that the defense of advice of counsel was established as a matter of law and the trial court therefore erred in overruling the appellants' motions for a directed verdict and for judgment n. o. v.

The claim of malicious prosecution arose out of the appellants' having caused to be issued a warrant charging the appellee with a violation of KRS 435.240(3), which among other things makes it a felony for a divorced parent not having lawful custody of a child to take and carry away the child from the custody of the other parent, to whom the custody was awarded by the judgment of divorce, without the consent of that parent.

■ The appellee asserts only two respects in which he claims the appellants failed to establish satisfaction of the re-

quirements of the defense of advice of counsel. They are: (1) The evidence warranted a conclusion that the appellants proceeded contrary to the advice of their counsel; and (2) the appellants did not disclose all the material facts to their counsel.

As concerns the first point, an attorney employed by the appellee's father (the father was actively participating in the controversy on behalf of appellee) testified that in a conference with appellants' counsel on the morning of the day on which the warrant was issued (it was issued around 4:30 p. m.), the latter said that he had advised his clients "not to get the warrant because he didn't think it would stick."

The evidence shows that after the morning conference appellants' counsel returned to his office and did research on the legal aspects of the case, and came to the conclusion that the facts established guilt of the offense for which the warrant later was issued. He then had further conversations with his clients, the appellee's father, the latter's attorney, and the justice of the peace who was called upon to issue the warrant. He testified unequivocally that he then advised his clients to have the warrant issued. His clients fully corroborated that. The testimony of the justice of the peace shows that appellants' counsel made the final decision that the warrant should be issued.

Giving full value to the evidence concerning the counsel's statement at the morning conference, it proves no more than that the counsel *previously* had advised his clients not to obtain the warrant and *at that time* he "didn't think it would stick." However, the appellants' evidence establishes without contradiction or even a suggestion of doubt that *thereafter* the counsel, upon further legal research, became convinced that there were valid grounds for issuance of the warrant; he then advised his clients to obtain the warrant; and the warrant was issued upon his advice.

With respect to the second point, it is contended that appellants failed to disclose to their counsel a material fact, in that they did not tell him that on the occasion out of which arose the charge that the appellee had taken and carried away his son from the lawful custody of the mother (the appellant Mrs. Mayes), the son had gone with the father willingly and in fact had asked his father to take him away.

We think the evidence shows that the appellants did disclose this fact to their counsel, because the counsel testified that Mrs. Mayes told him of a telephone conversation with her son the morning after the alleged taking away of the son, and the evidence shows that in that conversation the son had told his mother that his going away with his father was his own idea.

■ In any event, whether the son went willingly and at his own request was not a material fact as concerned the elements of the crime denounced by KRS 435.240(3). Certainly appellants' counsel did not consider it a material fact, because at the conference with appellee's father and his attorney on the morning of the day the warrant was issued, the fact that the boy had gone willingly was discussed with appellants' counsel, and he then and there stated that in his opinion whether or not the boy went willingly was immaterial. In our opinion there was no failure of disclosure of a material fact.

■ In appellee's brief it is suggested that appellants' counsel acted unreasonably in advising his clients to obtain the warrant. We are not aware of any rule that the advice must be sound in order to sustain the defense of advice of counsel (we do not intend to suggest that the advice here was not sound).

■ It is our conclusion that the appellants established as a matter of law all of the necessary elements of the defense of advice of counsel, which defense is a complete one to a claim of malicious prosecu-

**874**

tion. See Moser v. Fable, 164 Ky. 517, 175 S.W. 997; Stanhope v. Cincinnati, N.O. & T.P. Ry. Co., 210 Ky. 674, 276 S.W. 567.

The judgment is reversed with directions to enter judgment for the defendants in accordance with their motion for judgment n. o. v.