JUDGE PRYOR
delivered the opinion of the court.
These several actions were originally instituted in the county of Mercer, and by change of venue were heard in the Boyle Circuit Court. They involve the same questions, and will be considered together. It is alleged, in substance, in each case, that the plaintiff and the defendant were both citizens of the county of Mercer, and the defendant, with the view and for the purpose of annoying the plaintiff, and to subject him to unnecessary expense and trouble, left the county of his residence (Mercer), and falsely pretended to change his residence from the state of Kentucky to the state of Indiana; that he actually went to the state of Indiana, not- for the purpose of residing there in good faith, but to enable him to institute an action in the Circuit Court of the United States within and for the district of Kentucky, held at the city of Louisville, for an assault alleged to have been committed by the plaintiff on the defendant; that claiming his residence in Indiana, for no other purpose than to sue the plaintiff, the defendant, on the 1st of May, in the year 1869, wickedly and maliciously, and without probable cause, and intending only to harass and vex the plaintiff, under color of legal process, did sue and cause to be instituted and filed in the Circuit Court of the United States within and for the district of Kentucky, held at Louisville, a declaration in his, the defendant’s, name against the plaintiff *631 and others, in which he alleged and stated that the plaintiff, on the- day of-, in the year 1868, with force and arms, entered his, the defendant’s, house at midnight, and made an assault upon him, the defendant, beat him with sticks, etc., to his great damage, viz. the sum of $10,000. That the statements, each and all of them, in said declaration contained were false, and so known to the defendant at and before the bringing of the action; that the plaintiff was in no manner, connected with said assault, if any such had been committed; and the defendant, knowing this fact, maliciously and falsely, and without probable cause, made the false statements in said declaration contained, viz. that the plaintiff assaulted, beat, and bruised the defendant; and claimed of plaintiff $10,000 in damages, when he ¿new, as plaintiff avers, that the plaintiff had not committed any of the wrongs complained of, or had any connection therewith; that the plaintiff, in obedience to the process in said action, appeared in person and by counsel, and made defense, and at the October term of said court for that year á trial was had and a judgment, on defendant’s own testimony, rendered for the plaintiff, and said action for the alleged assault, etc., was then and there finally ended and determined, by a verdict and judgment in favor of this plaintiff.
By reason of the malicious institution of said action, and its malicious prosecution without any cause, the plaintiff alleges that he expended large sums of money, other than the costs of the action allowed by law, in paying the expenses of himself and witnesses to and from Mercer County to Louisville and while attending the trial, amounting to $-, also paid $- attorneys’ fees to defend said action, and loss of time, etc., amounting in all the damages to $1,500, etc.
A demurrer was sustained to the several petitions by the court below, and the plaintiffs (the appellants) have each appealed to this court.
*632 The action instituted in the United States Circuit Court being a civil action, the sole question in these cases is, can an action .for malicious prosecution, or rather an action on the case, be maintained for the institution and prosecution, without probable cause, of a malicious and vexatious suit. The elementary books, in treating of the action for malicious prosecution, lay down the rule that there are three descriptions . of damages, either of which is sufficient to support that action, and some one of them must appear or the action will fail: 1. To the person, by imprisonment; 2. To the reputation, by scandal; 3. To the property, by expense. (2 Cooley’s Blackstone and notes, 126; Selwyn’s Nisi Prius.) This rule was evidently established after the enactment of the statute of Marlbridge, giving to the defendant his* costs in the event the plaintiff was nonsuited or failed to recover; for at common law, prior to that enactment, such actions could be maintained whether the property of the defendant was seized or not, or whether he had incurred expense in defending it; and regarding then as now the bringing of a civil action' to be a matter of right, the plaintiff was liable in damages for the malicious institution and prosecution of such an action without probable cause.
After the statute giving costs to the defendant, it was held by the common-law courts that no action could be maintained on account of the institution and prosecution of a civil action without probable cause, and therefore no action could lie for a vexatious ejectment. In all such cases the plaintiff must have gone beyond the proper remedy for the enforcement of his claim, such as procuring an illegal order of arrest, or requiring excessive bail before the action could be maintained.
This entii'e doctrine is based on the idea that the plaintiff bringing the action is sufficiently punished, and the defendant fully recompensed by the statute requiring the plaintiff to pay all the costs. We perceive no good reason for following this *633 rule, and deny to the defendant a remedy when his damages exceed the ordinary costs of the action. The fact that a plaintiff has been subjected to the payment of costs per falso elamore, is no recompense to the defendant when the latter has, by reason of the malicious proceeding on the part of the plaintiff, sustained damage. In cases where the plaintiff has mistaken his action, or been nonsuited, or where, by reason of some imaginary claim, he has seen proper to sue the defendant, it is not pretended that any action for damages can be maintained; but where the claim is not only false, but the action is prompted alone by malice and without any probable cause, the defendant’s right of recovery, for the expenses incurred and damages sustained, should be as fully recognized as if his property had been attached or his body taken charge of by the sheriff.
While the damages may be less in the one case than the other, the legal right exists and some remedy should be afforded. If the facts alleged in these petitions are true, and they must be so treated on demurrer, it would be a singular system of jurisprudence that would admit the wrong and still withhold the remedy.
If the defendant in these cases, at the time he left Kentucky and claimed his residence in Indiana, had a cause of action against the plaintiffs, or any probable grounds for believing that a cause of action existed, he had the right to select .the forum in which to prosecute it, and in such a case his removal from one jurisdiction to another, if for the avowed purpose of bringing the action, is not to be regarded as evidence of a want of probable cause. Having a cause of action or probable cause for bringing it, he had the right to institute proceedings in any court having jurisdiction.
It must appear that the action was founded in malice, instituted without probable cause, and that the plaintiff has been damaged.
When the reputation has not been assailed, or the defend *634 ant imprisoned, or his property seized, or its use prevented, the damages should be confined to the loss of time, and the reasonable expenses incurred in the defense of the action beyond the ordinary costs. In these cases it is alleged that the plaintiffs, by reason of the prosecution of the action against them, were compelled to pay large sums of money as fees to counsel, expenses of witnesses, etc. These items of expenses and the loss of time in the necessary defense of the action, all enter into the question of damages, and from the facts admitted by the demurrer, resulted alone from the malice of the defendant in the prosecution of an action when he knew he had no claim against them.
In the case of Closson v. Staples (42 Vt.) it was held, “That when a civil suit was commenced and prosecuted maliciously, and without probable cause, and is terminated in favor of the defendant, the latter may recover the damages sustained by him, and it is not material whether the suit was commenced by process of attachment or by summons only.”
In Watson v. Freeman (cited in Esp. Dig. 527), “If a man sue me in a civil suit, yet if his suit be utterly without ground, and that certainly known to himself, I may have an action against him for the damages he putteth me to by his ill practice.” In the case of Whipple v. Fuller (11 Conn.) an action was instituted under a statute to prevent vexatious suits, to which was added a count at common law for the malicious prosecution of the vexatious civil action. The court in that case, by Church, justice, in discussing the effect of the statute and the right of recovery by the plaintiff, said, “But we wish to place our decision of this question on broader principles, etc.,” and quoting from Bay ley, justice, in the case of Elza v. Smith (2 Chit. Deport, 304), “If a party falsely and maliciously and without probable cause put the law in motion, that is properly the subject of an action on the case,” and resuming, said, “We think therefore, upon the fundamental principles and *635 analogies of the common law, that the second count in the ■ declaration is good.”
Hilliard on Torts (vol. 1, p. 443) says, “But the qualified doctrine is now well settled in relation to civil actions (corresponding with the rule as to civil prosecutions) that no action lies to recover damages sustained by being sued in a civil action, unless it was malicious and without probable cause.” The application of this rule is restricted by the case cited in support of it, by confining the right to maintain the action to civil actions where the party is maliciously held to bail, or where he has been mulcted for a larger sum than is claimed in the action; or where his property has been wrongfully attached; when in fact the party may have sustained greater loss by the prosecution maliciously, of a vexatious suit, than the mere temporary seizure of his property. It is said, however, in the text, that the action lies for suing the defendant maliciously, and arresting him when the court had no jurisdiction, or for suing in a proper court, but proceeding there vexaiiously.
Following the doctrine of the common law, that for every injury there is a remedy, we see no reason for denying a remedy to the plaintiffs in each of these cases; and where a party seeks a judicial tribunal for the purpose alone of gratifying his malice he should be made to recompense the party injured for the damages actually sustained, and the court should see that a remedy is afforded for that purpose.
The judgments of the court below are therefore reversed, and the causes remanded with directions to overrule the demurrers, and for further proceedings not inconsistent with this opinion.