### United Furniture Company, et al. v. Wills.

(Decided May 12, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch Number Four).

1. Malicious Prosecution—Advice of Counsel, When a Defense.—Advice of counsel when obtained on a full and true statement of the facts is a defense to an action for malicious prosecution, however erroneous the advice may be, but if the defendant did not fully and fairly relate the facts to his counsel when he procured the warrant, then the advice cannot be said to be upon his case, and therefore cannot serve as a shield to him in it.

2. Argument of Counsel—Not Part of Bill of Exceptions.—Where argument of counsel complained of is not part of the bill of exceptions it cannot be said whether it was prejudicial.

W. L. DOOLAN for appellants.

LAWRENCE S. LEOPOLD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This was a suit against the appellant, the United Furniture Company, and R. W. Hardesty, by Anna Wills to recover $5,000 damages for malicious prosecution. The jury returned a verdict for $500 in her favor.

The appellant, Hardesty, swore out a warrant, and had her arrested upon a charge of obtaining goods under false pretenses. She was taken from her home, and carried through the streets by officers to the police station, and locked up. Bondsmen came to her relief in fifteen or twenty minutes, and released her on bail. The next morning her examining trial was had, at which appellants employed attorneys to assist in the prosecution. The examining court dismissed the warrant, and discharged her from custody.

The appellee's husband was an employee of the Anzeiger, a responsible and reputable newspaper of Louisville. The Anzeiger had advertising contracts with the appellant company for the years 1910 and 1911. The contract for 1911 reads as follows:

"Louisville, Ky., Jan. 15th, 1911.          $300.00.

Louisville Anzeiger Co.,
        Louisville, Ky.

We hereby authorize the insertion of our advertisement to occupy the space of 20 squares in Wed. & Sunday edition for which we promise to pay Three Hundred no-100 Dollars. This contract to run 1 year. Statement monthly. Unless copy furnished promptly publisher reserves right to insert card. The Louisville Anzeiger Co. agrees to take $150.00 in trade.
                    (Signed),   United Furinture Co.,
                            J. A. Miller, Pres."

It will be noticed that this contract was made for appellant by J. A. Miller, then its president, who was also manager. On July 1, 1911, the appellant Hardesty succeeded Miller.

The practice of the Anzeiger Company was to throw as much trade as it could to its advertisers, and wherever possible pay its employes by giving orders for purchases on its account with them. This explains the provision in the above contract for taking up $150.00 of it in trade.

In September, 1912, Mrs. Wills, desiring some furniture, went to the Anzeiger office, and requested the name of a dealer with whom the Anzeiger had an account, and being referred to the appellant, they gave her an order on their printed form reading as follows:

"LOUISVILLE ANZEIGER OFFICE, Louisville, Ky., Sept. 23, 1912. Messrs. United Furniture Co. Please let bearer, Mr. E. G. Wills, have furniture, charge the same to our account and hand bill for same to the buyer.

Louisville Anzeiger Co.,<br>Per H. B."

She was told the order would be good for $18., and with it. she went to appellant's store, and selected $18.50 worth of furniture. Upon inquiry, she told appellant it would be cash, and asked them to deliver it to her home. Of course, appellant understood by this that she intended to pay cash or at least its equivalent, and that the item was not one for charge, or on installments, and this no doubt affected the price named for the goods. She did not tell them that payment would be made by this Anzeiger order, and everything in the case indicates that she did not know that it made any difference, for, to her, the order was as good as cash, and many others just like it, issued by the Anzeiger to its other employes, ·had been accepted and treated as cash by appellant before this.

She was at home when the deliveryman reached there, and when the furniture was unloaded and set in place, she gave him the order. Knowing that the Anzeiger account against appellant was only $18, she does not explain why she did not pay the deliveryman· the fifty cents in addition to this order when he gave her a receipted bill for $18.50. Anyhow, when the deliveryman went to the store, and handed in the order, appellant's manager Hardesty said it was not right, and he would not take it, and sent the deliveryman back to either get the money or furniture. Mrs. Wills refused to give up the furniture, but told him the order was as good ·as gold, and offered him the 50 cents addi-

tional which she says she intended to pay him in the first place, and told him to take the order to the Anzeiger office where it would be made good. Shortly afterwards, Hardesty sent another man, his collector, to see Mrs. Wills with instructions to either get the furniture or the money, and substantially the same conversation ensued as above related. Mrs. Wills then went down to the Anzeiger office, and told Col. Cohn, the Anzeiger owner, what had occurred, and he told her the order was all right, and to keep the furniture. Immediately Hardesty and the Anzeiger people got into communication. Hardesty was informed that the order was all right, but Hardesty insisted that his company did not owe the Anzeiger anything. The Anzeiger people say it was the first time they knew the account was disputed, and the correctness of the account together with the means used by Hardesty to verify it, before he swore out the warrant, are the vital points in this case; for his defense is, that he made a full, fair and complete statement of the whole transaction to his attorneys, and upon their advise, he swore out the warrant. He swears, as do also his attorneys, that he told them that his company did not owe the Anzeiger one cent, but on the contrary the Anzeiger was indebted to his company. But he did not tell his attorney that he knew the Anzeiger was claiming a balance of account against his company. So it is clear, if the claim of the Anzeiger is true, Mr. Hardesty did not make to his attorneys either a true or a full statement.

As will be noted above, the advertising contract was made in January, 1911, by a former manager of appellant company. Hardesty took charge July 1st of that year. It is evident from his testimony that no account was left with him of this advertising contract by the former manager. He has no tangible proof to rebut the claim of the Anzeiger, while the Anzeiger account is thoroughly established by its books, and the testimony of its employes in charge thereof. There had never been a complete settlement of the Anzeiger accounts for the year 1911, and if Hardesty ever knew it, he had overlooked the fact that his company owed the Anzeiger for numerous items of extra printing and advertising. Since these transactions were under the former management of his company, he perhaps was ignorant of them, although he admits that he knew the Anzeiger was claiming a balance against his company.

When this order was turned into him by Mrs. Wills, he conceived the idea that she had entered into a conspiracy with the Anzeiger to fraudulently collect of him an unjust claim, and she being unwilling to return the furniture, he determined, as he says, on the advice of his counsel, to have her prosecuted for thus defrauding and imposing upon him.

The law is well settled that the advice of counsel when obtained on a full and true statement of the facts is a defense to an action like this, however erroneous the advice may be, but if he has not fully and fairly related the facts to his counsel, then the advice cannot be said to be upon his case, and therefore cannot serve as a shield to him in it. The case of Gatz v. Harris, 134 Ky. 550, involved a similar question, and we there said:

"Advice of counsel is not a defense in an action for malicious prosecution unless the facts are fully and fairly laid before the counsel. If the real facts are not laid before the counsel, his opinion is no defense to an action for malicious prosecution. Crawford v. Keyser, 5 Ky. Law Rep. 693; Burke v. Rhodes, 13 Ky. Law Rep. 431; Anderson v. Columbia Finance & Trust Company, 50 S. W. 40, 20 Ky. Law Rep. 1790; Ahrens & Ott Manufacturing Co. v. Hoeher, 106 Ky. 692, 51 S. W. 194, 21 Ky. Law Rep. 299.

"In addition to this the advice of counsel will constitute probable cause only when reasonable diligence is used to learn the facts on which the advice of counsel is sought. In the case last referred to the court said:

"'He who consults an attorney about a matter affecting a third person ought to use that care which men of ordinary prudence would ordinarily use in matters of like magnitude. Less than this would not show good faith. Of course, it is absolutely necessary in questions of this sort that people should act upon the advice of counsel; but they must exercise in doing so reasonable care to get the truth before the counsel.'"

The proof in the case we think thoroughly establishes the account of the Anzeiger against appellant, but had it been a matter of doubt, there was abundant evidence to submit the question to the jury.

As to whether in this, and other regards, appellant made a full statement to his attorneys, the court instructed the jury that they should find for the defendants, appellants here, if they believed that before suing out the writ, Hardesty was advised by his counsel to

take the step after he had made to them "a fair, full and true statement of the facts relating to said charge against the defendant."

Appellants also complain that the court failed to tell the jury what constituted probable cause, and cite the case of Ahrens & Ott v. Hoeher, 106 Ky. 697, where the court said:

"The court should have instructed the jury that there was probable cause in this case if appellant's agent, when he instituted the criminal proceeding, believed, and had such grounds as would induce a man of ordinary prudence to believe, that appellee had entered into a conspiracy with Link or Zeutsius to get illegally their secret process of enameling."

Placing upon the facts the most favorable construction for appellants, and accepting their theory that there was an effort here between Mrs. Wills and the Anzeiger to procure the furniture in payment of a disputed or unjust account, it leaves but one fact, and a very simple one, to be determined, and that is, whether appellant did owe the Anzeiger the $18. If appellant owed that debt, then they did not have probable cause for suing out the warrant. In this view of the case we think the lower court properly instructed the jury when it told them "probable cause means such cause as would induce a reasonably prudent person to believe that the plaintiff was guilty of the charge of obtaining goods under false pretenses."

Appellants also complain of improper conduct on the part of appellee's counsel in his argument to the jury. This was made one of the grounds for a new trial, but the argument of counsel complained of is not made a part of the bill of exceptions, and we, therefore, cannot say whether it was prejudicial.

Some other matters of practice, and the introduction of witnesses, and the competency of their evidence is complained of, but we are unable to see that appellant has been in any wise prejudiced by the rulings of the lower court with respect to them, even if they were erroneous.

On the whole case we think the trial was fair, and the jury's verdict reasonable, and the judgment is therefore affirmed.