### Smith v. Smith.

March 3, 1944.

786

William Lewis & Son for appellant.

C. R. Luker for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

In the year 1939 the appellee, Harry Smith, filed in the Laurel Circuit Court a slander action against the appellant, John H. Smith, alleging that the latter had spoken of and concerning him, "Harry Smith got Loran Benge and Jackie Rooney to go and get him a load of moonshine whiskey." It was alleged that the defendant in that action thereby meant that the plaintiff had violated the state and federal laws pertaining to intoxicating liquor. After a jury was empaneled and some evidence heard in that action, it was dismissed without prejudice.

The present action was filed by the appellant against the appellee, alleging that the slander action had been

filed maliciously and without probable cause. Damage, both general and special, was alleged, the special damage being attorney's fees and costs amounting to more that $200 expended by the appellant in defending the slander action. At the conclusion of plaintiff's evidence a verdict was directed for the defendant and from the judgment entered thereon this appeal is prosecuted.

The evidence may be briefly summarized thus. The parties were not on friendly terms. In their neighborhood lived Mrs. Verlie Rooney and Sherman Benge. Mrs. Rooney's son, Jackie, and Loran Benge, son of Sherman, had gotten a bottle of moonshine whiskey. Jackie told his mother that he had gotten it for the appellee. Mrs. Rooney told this to the appellant, with the object, she said, of having him let Sherman Benge know that his son, along with her son, had gotten the whiskey. The appellant communicated to Sherman Benge what Mrs. Rooney had told him and Benge told the appellee about it. Mrs. Rooney later learned that her son's story was false. She then went to the appellant and communicated this fact to him and, together, they went to Sherman Benge and "told him the boy lied on Harry Smith." Mrs. Rooney, at the appellant's request, notified the appellee before the slander action was filed that the boy had admitted that his story was false. In testifying about his visit to Sherman Benge with Mrs. Rooney, the appellant said, "they said the load was all on me, that I lied, and I was going to prove that I did not lie and I took her with me." From the appellee's testimony, it is clear that he imparted to Sherman Benge information that the boys had gotten whiskey for the appellee.

While there is much conflict of authority on the question, the better rule seems to be that institution of a civil action maliciously and without probable cause is a sufficient basis for an action for malicious prosecution at the instance of one who has suffered special damage. Re-statement of the Law, Torts, Section 674; 34 Am. Jur. 707. This court so held in Woods v. Finnell, 13 Bush 628.

But the initiator of a civil action need not have the same degree of certainty as to relevant facts which is required of one who initiates a criminal prosecution. As said in the Re-statement of the Law, Torts, Section 675.

"One who initiates civil proceedings against an-

other has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based, and

"(a) reasonably believes that under such facts the claim may be valid at common law or under an existing statute," * * *.

In the comment on this section it is pointed out that it is enough that the one initiating the action believes that he can establish the the existence of the alleged facts to the satisfaction of the fact finding tribunal and that under such facts he may have a valid claim—in short, "all that is necessary is that the claimant reasonably believe that there is a chance that his claim may be held valid on adjudication." In Woods v. Finnell, supra, this court said: "In cases where the plaintiff has mistaken his action, * * * or where, by reason of some imaginary claim, he has seen proper to sue the defendant, it is not pretended that any action for damages can be maintained;" In thus saying that probable cause exists for the initiation of a civil action where it is instituted "by reason of some imaginary claim," it seems that our court went to an unjustifiable extreme, since the imagination should at least be restrained by reason. However, even when the evidence is viewed in the light of the sound rule quoted from the Re-statement of the Law, it seems clear that it conclusively established the existence of probable cause for the institution of the slander action. The appellant imparted to Sherman Benge information that the boys had gotten a pint of whiskey for the appellee and this statement was communicated to the latter. While the action was based on the alleged slanderous statement that the boys had "gotten a load of whiskey," the quantity, whether a load or a pint, was immaterial—procuring them to get a pint violated the law as fully as procuring them to get a load. The information imparted to the appellee was sufficient to warrant him in believing that the appellant had imputed to him a crime, violation of the state and federal liquor laws. This being true, it was not unreasonable for him to file the slander action, since it is generally held that imputation of a crime is actionable.

The retraction made by the appellant to Benge and communicated to the appellee before the slander action was filed did not establish want of probable cause, since a retraction is not ordinarily a defense to such

an action but operates only in mitigation of damages. 33 Am. Jur., 121.

The evidence for the appellant disclosed as a matter of law the existence of probable cause on the appellee's part for instituting the action. This being true, the verdict in the appellee's behalf was properly directed.

Affirmed.