## Baber v. Fitzgerald.

October 18, 1949.

Rehearing denied December 6, 1949.

Lawrence S. Grauman and Marion F. Wiseheart for appellant.

Raymond C. Arny for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant was defendant below in a suit instituted by appellee seeking $15,000 compensatory and $5,000 punitive damages, on the ground that appellant had maliciously prosecuted several writs of detainer against him. On a trial the jury awarded $5,030 damages, $1,000 being designated punitive damage.

Controversy arose between the two after Mrs. Baber purchased a house and lot in Louisville at a time when the first floor of the residence was occupied by Mr. Fitzgerald. Mrs. Baber desired to use a garage located on the lot, but appellee refused to allow her to do so, claiming that his lease carried the use of the garage.

Standing on what she was advised and believed to be her rights, Mrs. Baber on three occasions in 1947 secured separate writs against the defendant, resulting in verdicts in favor of appellee. A fourth writ met with like result and traverse was had, but was dismissed because it appeared that Mrs. Baber had sold the property.

Appellee then instituted this action with the result above stated. On her appeal Mrs. Baber contends: (1) The court erred in admitting incompetent evidence; (2) in overruling demurrer to the petition, because it showed that plaintiff's person or "property were not interfered with by the proceedings." (3) The court erroneously overruled defendant's motion for a directed verdict. (4) The court gave erroneous instructions. (5) The damages were excessive.

Objections were interposed to certain testimony of appellee relating to medical expenses paid for his wife, to matters referring to an arrest of plaintiff at the instance of defendant, and to quarrels between the parties. Mrs. Fitzgerald was not a party to the suit, and appellee's pleading made no reference to expenses paid for the wife, or to other matters above mentioned. There were no objections to many of the questions and answers; The most we can say is that the challenged testimony was objectionable, and at this point we may say that as the case turns it is unnecessary to discuss the question of excessive damages.

Point (2) is not of merit. The action (forcible detainer) is treated as a civil action, though the process is by warrant and the plea "not guilty," while savoring somewhat of a criminal prosecution, there is no punishment by way of fine or imprisonment.

While there is some conflict of opinion on the question, the rule seems to be that institution of a civil action maliciously prosecuted without probable cause, is a sufficient basis for an action for malicious prosecution. Woods v. Finnell, 13 Bush 628, followed in Smith v. Smith, 296 Ky. 785, 178 S. W. 2d 613, the latter case citing Sec. 674, Restatement of the Law, Torts, and 34 Am. Jur. 707.

The objection to instructions are rather technical. It is contended that in instruction No. 5 the court used the additional word "entry" in referring to the writs,

and in defining probable cause used the word "man" of ordinary prudence, when he should have used "woman." We hardly think a jury composed of men of ordinary intelligence would have been persuaded, mislead or misguided by the use of the words about which complaint is made, though if there should be another trial corrections should be made and thus avoid further argument on a similar ground.

The chief argument is on the question as to whether or not under all the proof the court should have sustained defendant's motion for a directed verdict. This brings up the question whether or not successive civil actions, involving the same claimed rights, constituted sufficient grounds for the maintenance of the action.

Counsel for appellant contends, and appellee agrees, that the rule in a suit for malicious prosecution is that when it is shown that the defendant before beginning suit has made a full statement of the facts to counsel, and has been advised as to his rights, there is presented a complete defense to the action for such prosecution. This is true, even though the attorney may be in error in his advice. Figuccion v. Prudential Ins. Co., 273 Ky. 287, 116 S. W. 2d 291; United Furniture Co. v. Willis, 158 Ky. 806, 166 S. W. 600.

Appellee argues that under the proof it was for the jury to say whether appellant had "fairly and truly" laid before the several attorneys representing her, "the real facts." The evidence shows that appellant did disclose all necessary facts to her attorneys, and it is shown that each one in each instance advised her that the lease did not cover the garage, and advised that she had just grounds to support a writ of detainer.

The attorneys testified that Mrs. Baber answered all questions, or sufficient to satisfy them as to her rights in the premises. When we turn to Mrs. Baber's testimony we find that to her first attorneys she stated the situation which was to the effect that she had bought the property; showed the lease and "discussed the matter with them," and they advised her to obtain a writ of detainer. She said she told them everything about which they asked her. On a strict cross examination she said she told her attorneys "everything; I kept nothing from none of them. They everyone said that is

not no lease. Everyone told me the same thing.'' She said she told subsequent attorneys that she had obtained previous writs against appellee.

So, it seems to us under this proof, the multiplicity of suits alone would not be controlling evidence of malice or show a lack of good faith, if, as here, appellee acted on the advice of counsel in instituting her suits after giving them the facts as she saw them.

This court does not appear to have passed on the question as to whether a multiplicity of suits would, of that fact alone, support suit for malicious prosecution. Some courts have held that even though a malicious prosecution suit would not lie where there was no interference with the person or property of the complainant, several groundless suits would change the rule and constitute good cause. Shedd v. Patterson, 302 Ill. 355, 134 N. E. 705, 26 A. L. R. 1004; Pope v. Pollock, 46 Ohio St. 367, 21 N. E. 356, 4 L. R. A. 255, 15 Am. St. Rep. 608. In other courts it has been held that where several suits are maintained the general rule is not altered and suit will not lie, and there is complete defense if there be just cause and advice of counsel. Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153; Myhre v. Hessey, 242 Wis. 638, 9 N. W. 2d 106, 150 A. L. R. 889, 908.

A review of the proof leads to the conclusion that appellee acted in good faith, and as advised by her attorneys, with probable cause, and that the general rule applies. It follows that the court should have sustained her motion for a directed verdict at the close of all evidence. The judgment is reversed for a new trial, whereupon if the facts are the same the court will direct verdict for defendant. Questions presented and not passed on are reserved.

Judgment reversed.