## HARTER v. LEWIS STORES, Inc.

Court of Appeals of Kentucky.

June 1, 1951.

Robert W. Zollinger, Louisville, for appellant.

Lawrence S. Grauman, Louisville, for appellee.

SIMS, Judge.

Appellant, plaintiff below, sued Lewis Stores for $30,388.50 damages, her petition averred she suffered by reason of appellee's malicious prosecution of a civil suit against her in a magistrate's court in Jefferson

County to recover $22.43, the balance due on a contract for the purchase of goods from the store, which contract it was alleged she had signed.

The trial court struck certain allegations from Mrs. Harter's petition, and at the conclusion of her evidence directed a verdict for appellee. In seeking to reverse the judgment she contends the trial court erred: 1. In striking material allegations from her petition; 2, in excluding competent evidence she offered; 3, in directing a verdict against her.

The record discloses these facts. On Dec. 12, 1947, a white woman purporting to be Irma Harter made purchases in appellee's store in Louisville amounting to $30.43, of which $8 was paid in cash, and the woman signed a contract agreeing to pay the balance at the rate of $3 a week. The weekly payments were not made and several letters requesting payment were mailed to Mrs. Harter at the address given in the contract. These letters were not answered and the credit manager of appellee had a clerk in the store telephone Mrs. Harter requesting payment. The latter said over the phone, "I don't have an account at your store and you can't do anything about it." A letter was received by appellee from Mrs. Harter saying she had bought nothing from the store and demanding that it cease telephoning her about the account. This letter was not in Mrs. Harter's handwriting, but she had her sister write it, although the signature purported to be Mrs. Harter's and the letter gave Mrs. Harter's address as it appeared in the contract referred to above.

Mr. Burd, appellee's credit manager, took the contract and Mrs. Harter's letter to Marion F. Wiseheart, an attorney, who was of the opinion that the signature on the contract and the one on the letter were both written by the same person. Mr. Wiseheart got in communication with Mrs. Harter, who denied signing the contract. Thereupon, he told her he would have to file suit and let the court decide whether or not she signed the contract. Wiseheart filed suit for the store against Mrs. Harter in the magistrate court and the trial resulted in a verdict for her, after which she brought the present action for malicious prosecution.

As a part of her petition in the present action, Mrs. Harter filed a copy of the proceedings in the magistrate court. It is patent the court did not err in sustaining appellee's motion to strike from the petition these papers, since this action was not based upon that record but is a suit for damages for maliciously suing Mrs. Harter upon a contract purported to have been signed by her.

On appellee's motion, the court further struck from the petition these allegations:

"* * * that said suit was based upon a forged document and that the defendant knew, or by the exercise of reasonable care, would have known the said document to be forged.

"Plaintiff states that as a result of the suit aforesaid, maliciously prosecuted, she has suffered emotional disturbance, humiliation, fear and anxiety, compensation for which suffering can be measured in the amount of Five thousand dollars ($5000.-00).

"She further asks that punitive damages be set against the Lewis Stores, Inc., in order that others might profit by their example in the amount of Twenty five thousand dollars ($25,000.00)."

The court correctly struck the quoted averments from the petition. As to the averment that the agreement was a forgery, that issue had been tried in the magistrate's court and decided in favor of Mrs. Harter.

We now take up the stricken averments relative to damages. The rule seems to be that the institution of a civil suit maliciously and without probable cause is a sufficient basis for an action for malicious prosecution where one has suffered special damages. Restatement of the Law of Torts, § 674, p. 440; 34 Am.Jur., Malicious Prosecution, § 10, p. 707; Woods v. Finnell, 13 Bush 628, 76 Ky. 628; Smith v. Smith, 296 Ky. 785, 178 S.W.2d 613.

After the statute of Malbridge, which gave to defendant his costs in the event plaintiff was unsuccessful, it was held

at common law no action could be maintained for the malicious prosecution of a civil action. The theory being that the losing plaintiff was sufficiently punished and the successful defendant fully recompensed by the statute requiring plaintiff to pay all costs. This court held in the Woods opinion that where the claim is not only false but its prosecution was prompted by malice and without probable cause, the defendant has the right of recovery for expenses incurred and damages sustained. But where one's reputation has not been assailed, or he has not been imprisoned, or his property seized or its use prevented, his damages in an action for the malicious prosecution of a civil action against him is confined to his loss of time and the reasonable expenses incurred in the defense of the action beyond the ordinary costs.

The above quoted words which the court struck from appellant's petition alleged she suffered $5,000 damages for humiliation and punitive damages of $25,000, and this court said in the Woods and Smith cases such damages could not be recovered in this character of action. This left in appellant's petition only her claim for special damages consisting of $35, her attorney's fee in the magistrate court, $299.50 for services of handwriting experts and $54 for expense of two witnesses brought from a distance to testify in the magistrate court.

The excluded evidence of which appellant complains is that the court refused to permit her to prove her signature on the contract was a forgery. As heretofore stated, this issue had been tried in the magistrate's court and it was decided in favor of Mrs. Harter, therefore it was res adjudicata. The question for decision in the instant case was whether appellee had maliciously prosecuted the civil suit in the magistrate court; therefore, the trial judge correctly excluded the proffered evidence that her signature was a forgery.

There can be no doubt that appellee had probable cause for instituting the civil suit in the magistrate court, since all that is necessary to establish "probable cause" is to show that it reasonably believed it had a chance to win the original case. Smith v. Smith, 296 Ky. 785, 178 S.W.2d 613; Restatement of the Law of Torts, § 674, p. 446. The Smith opinion criticised the Woods opinion as going too far when it said probable cause may rest upon an "imaginary claim". We agree with this criticism.

Appellee also showed probable cause for instituting the suit in the magistrate's court by proving it acted upon the advice of an attorney to whom it had given all the material facts. Lexington Cab Co. v. Terrell, 282 Ky. 70, 137 S.W.2d 721. Mr. Wiseheart, a competent attorney of twenty-five years experience who represented appellee in the suit in the magistrate court, was called as a witness for Mrs. Harter in the instant case. He testified appellee had laid before him all the facts concerning its claim against Mrs. Harter and he advised it to bring the suit against her in the magistrate court. His testimony on this point reads:

"Q. Did the Lewis Stores authorize you to file that suit until after they had presented all the facts to you and you had given them your advice? A. They left it entirely up to me on my advice. I had seen all the records. I knew the whole story.

"Q. And did you take into consideration the fact that she had been to you first and talked to you and denied that she had signed that contract? A. That is right.

"Q. And, with all that information, did you then give the advice to the Lewis Stores? A. That is right."

The rule is that where it is shown the defendant in a malicious prosecution suit before instituting the original action laid all material facts before a competent attorney and was advised by him to proceed with the suit, the advice of counsel is a complete bar to an action for malicious prosecution, even though the attorney was in error. Louisville & N. R. Co. v. Sharp, 282 Ky. 758, 140 S.W.2d 383; Baber v. Fitzgerald, 311 Ky. 382, 224 S.W.2d 135. It cannot be doubted appellee acted in good faith and upon advice of counsel. Therefore, the trial court correctly directed the verdict in its behalf.

The judgment is affirmed.