KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,

v.

Terri M. BURTON, Robert L. Bertram, and Morris Butler, Appellees.

No. 94–CA–1461–MR.

Court of Appeals of Kentucky.

Feb. 9, 1996.

Rehearing Denied April 5, 1996.

Motion for Belated Discretionary Review Denied June 11, 1996.

Joel R. Smith (briefed), Jamestown, for Appellant.

Robert L. Bertram, Jamestown, Morris Butler (briefed), Greensburg, for Appellee.

Before COMBS, GARDNER and GUDGEL, JJ.

COMBS, Judge:

Kentucky Farm Bureau Mutual Insurance Company ("Farm Bureau") appeals from a

judgment entered against it in an action based upon wrongful garnishment, malicious prosecution, and the tort of outrage (intentional infliction of emotional distress). We affirm in part and vacate and remand in part.

This case arises from a complaint filed by Farm Bureau in Russell County to recover the sum of $2,610.00 from Kenneth Dale Burton ("Kenneth").[1] Farm Bureau, on behalf of its insured, had negotiated a settlement with Kenneth for the damage caused to his vehicle during a 1987 collision. While Kenneth had negotiated the draft upon receipt, he had neglected to satisfy the lien holder, Chrysler Credit. And, because Chrysler Credit had not been paid, Farm Bureau could not give good title to the salvage company that had purchased Kenneth's vehicle following the settlement. Subsequently, Farm Bureau paid the lien holder and sought reimbursement from Kenneth by filing its complaint.

After the complaint was filed, Farm Bureau's attorney secured an agreed judgment. The judgment was entered on November 3, 1989, and it provided that Farm Bureau would be reimbursed according to a monthly payment plan. The agreement appeared to bear the signatures of both Kenneth and his spouse, "Terry Lynn Burton." When Farm Bureau failed to receive the scheduled monthly payments, it began garnishment proceedings against Burton's spouse, the appellee, "Terri M. Burton" ("Terri"). Terri called Farm Bureau's attorney at once to explain that she had never executed an agreed judgment and could not be the correct garnishee. Despite her attempts to resolve what appeared to be a misunderstanding, a total of $1,239.62 was withheld from her wages, the last installment having been deducted on March 14, 1994.

On November 5, 1993, Terri filed this action against Farm Bureau alleging wrongful garnishment, malicious prosecution, and outrageous conduct. During discovery it was revealed that, in fact, the agreed judgment underlying the garnishment proceedings was a forgery. The document had been forged by Peggy Lynn Burton, Kenneth's former spouse.[2]

The matter was tried without a jury. Upon considering the evidence, the trial court concluded that Terri's wages had been wrongfully garnished and ordered their return with interest. Additionally, the court concluded that Farm Bureau's actions constituted outrageous conduct, ordering it to pay the sum of $10,000.00 for the severe emotional distress Terri had suffered. The court also assessed punitive damages at $30,000.00. Finally, the court ordered Farm Bureau to pay Terri's reasonable attorney fees. This appeal followed.

Farm Bureau asserts numerous errors on appeal. Before addressing them, however, we note that the appellant has largely ignored the requirements of CR 76.12(4)(c)(iv) which provides that a brief must contain:

> An "ARGUMENT" conforming to the Statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Despite this potentially fatal deficiency, however, we have nonetheless addressed the merits of this appeal.

Farm Bureau argues that the trial court's findings of fact and conclusions of law, as far as they relate to a finding of wrongful garnishment, are clearly erroneous. It maintains that there is no evidence to support the finding that it had garnished Terri's wages without good cause. We disagree.

1. In an effort to simplify this opinion, we have unraveled the sequence of events and provided only a barebones recitation of the relevant facts.

2. Farm Bureau had dealt with Peggy Lynn Burton earlier. In fact, because Peggy Lynn Burton had been awarded the damaged vehicle during her divorce from Kenneth, Farm Bureau had originally tendered the settlement check to her. Realizing later that Kenneth retained legal title to the vehicle, Farm Bureau voided its check to Peggy and reissued to Kenneth the check which he subsequently negotiated.

KRS 411.080 delineates a cause of action for wrongful garnishment.[3] Additionally, a wrongful garnishment can be the foundation for a common law cause of action for malicious prosecution. *Blankenship v. Staton*, Ky., 348 S.W.2d 925 (1961). While malicious prosecution based upon a wrongful garnishment requires that malice and the lack of probable cause be shown, these are not requisite elements for a cause of action for wrongful garnishment or attachment. *See City Lumber Co. Inc. v. Barrett*, Ky., 327 S.W.2d 402 (1959). A garnishment is wrongful when the plaintiff has no cause of action or no indebtedness exists. 6 Am.Jur.2d, *Attachment & Garnishment*, § 601 (1963).

Farm Bureau contends that its garnishment was not wrongful. It maintains that prior to becoming aware that the agreed judgment was the product of a forgery, it believed that it had a valid judgment against Terri and that it had acted in good faith to garnish her wages in an effort to enforce that judgment. However, the argument avoids the fundamental issue of whether Farm Bureau had a right *ab initio* to garnish the wages of an innocent party, who in fact was not a judgment debtor, but merely the victim of a forgery scheme. There is no right to garnish the property of one who is not a judgment debtor. Basing a garnishment on a void judgment can result in a wrongful garnishment action because the judgment creditor has no right to the property garnished. Hence, the court's conclusion that Terri's wages had been wrongfully garnished was correct. The court's judgment on this issue cannot not be disturbed.

Next, Farm Bureau maintains that the trial court committed reversible error in refusing to grant its motions for a continuance of trial. Farm Bureau contends that it was unable to determine just what was "wrongful" about the garnishment proceedings until after it had taken Terri's deposition. Further, it argues, the revelation of "surprise" information during the deposition required additional investigation and justified a postponement of the trial. Again, we disagree. The decision whether to grant or to deny a motion for continuance lies within the sound discretion of the trial court. After reviewing Farm Bureau's contentions, we are unable to discern any abuse of that discretion.

While Farm Bureau has failed to identify which part of the deposition testimony constituted a "surprise," we surmise that it included information related to the forgery of the agreed judgment. This argument does not withstand scrutiny. Farm Bureau was well aware, *months* before the complaint was filed, that Terri denied ever having executed an agreed judgment. The questions of who, how, and why the agreed judgment had been forged were largely irrelevant to the allegation that Terri's wages had been wrongfully garnished. Furthermore, we reject Farm Bureau's contention that a postponement was necessary because it had discovered the basis of Terri's complaint relatively late in the proceedings. Again, Farm Bureau was aware of Terri's allegations before the complaint was served. Nevertheless, it failed to initiate even the most basic discovery efforts aimed at uncovering the basis of the allegations—interrogatories. A party is not entitled to a postponement of trial because it neglected to make the best use of common discovery techniques.

Next, Farm Bureau contends that the trial court erred in allowing Terri to maintain her action for malicious prosecution. It argues that this action is collateral to the agreed judgment and garnishment proceedings and should not have been instituted as a separate and distinct action. Instead, it maintains, Terri should have attacked the underlying judgment first. We disagree.

Farm Bureau cites *Union Bank and Trust Co. v. Edwards*, 281 Ky. 693, 137 S.W.2d 344 (1940), for the proposition that one who has

---

3. KRS 411.080 provides as follows:

If property is distrained or attached without good cause the owner may, in an action against the party suing out the distress of attachment, recover damages for the wrongful seizure. If the property is sold he may also recover damages for the sale, and the defendant's costs in the distress or attachment, including reasonable attorney's fees. The plaintiff shall not be required to allege or prove malice on the part of the defendant under this section.

failed to attack the validity of an original proceeding cannot attack it collaterally in an action for malicious prosecution. Without disputing the validity of that holding, we do not find it applicable to this situation. Here, the parties acknowledge that the judgment purportedly entered against Terri was the product of a fraud perpetrated by Peggy Lynn Burton. As it pertained to Terri's rights and responsibilities, then, the judgment was undeniably void *ab initio.*

Terri apparently made numerous attempts to alert Farm Bureau to its error—all to no avail. While it may have preferred that Terri again attempt to attack the "agreed judgment" once she had consulted an attorney, she was under absolutely no obligation to do so. *See Moon v. Tower Grove Bank & Trust Co.,* 691 S.W.2d 399 (Mo.App.1985). Consequently, her action for malicious prosecution was correctly entertained.

■ In a related argument, however, Farm Bureau contends that its reliance upon the advice of counsel constitutes a complete defense to Terri's charge of malicious prosecution. We agree. Where malice or want of probable cause is an element of the cause of action, acting on advice of counsel is a good defense. 6 Am.Jur.2d, *Attachment & Garnishment* § 618 (1963). The advice must have been given upon a full and frank disclosure of the facts. *Blankenship supra; Baber v. Fitzgerald,* 311 Ky. 382, 224 S.W.2d 135 (1949). It appears that in all manners Farm Bureau relied upon the advice of its counsel in prosecuting the garnishment proceedings. The defense bars Terri's recovery. Consequently, the trial court's award of damages based upon this cause of action must be set aside.

■ Next, Farm Bureau argues that the court erred in concluding that its institution of garnishment proceedings constituted outrageous conduct. Again, we must agree. This cause of action, also referred to as intentional infliction of emotional distress or the "tort of outrage," was first recognized by Kentucky in *Craft v. Rice,* Ky., 671 S.W.2d 247 (1984). There the court set forth the following essential elements:

One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe. (citations omitted).

*Id.* at 249.

While Terri was resentful and upset about the garnishment proceedings, we do not believe that she has shown that Farm Bureau's actions constituted outrageous conduct nor that she has suffered severe emotional distress according to the criteria set forth in *Rice, supra.* While the manner in which the proceedings were handled—from beginning to end—undoubtedly reflects ineptitude and indifference, we simply cannot agree that it rose to the level of intentional infliction of severe emotional distress according to the directives set forth under governing case law.

■ Finally, Farm Bureau argues that the court erred in awarding Terri's reasonable attorney fees. In a wrongful garnishment action, attorney fees incurred in establishing the right to the funds in question are recoverable as damages. KRS 411.080. Thus, this matter must be remanded for a computation of the reasonable attorney fees expended in prosecuting the wrongful garnishment action. In light of the disposition of this appeal, however, the fees expended in prosecuting the malicious prosecution and outrageous conduct causes of action are not recoverable.

As our resolution of these arguments renders Farm Bureau's remaining points moot, we will not address them.

Based upon the foregoing, those portions of the trial court's judgment pertaining to the allegations of malicious prosecution and outrageous conduct are vacated. The award of damages based upon wrongful garnishment is affirmed. The case is remanded to the trial court for the computation of Terri's reasonable attorney fees.

All concur.