## Dunn v. Deskins.

(Decided March 23, 1915.)

### Appeal from Magoffin Circuit Court.

Malicious Prosecution—Elements of—Sufficiency of Evidence.— To sustain an action for malicious prosecution it must affirmatively appear that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. His acts must be malicious and without probable cause. Malice, want of probable cause and the instigation of the prosecution must concur to constitute a cause of action.

McGUIRE & McGUIRE for appellant.

BYRD & HOWARD and E. E. PENDLETON for appellee.

Opinion of the Court by Judge Carroll—Reversing.

In this suit for malicious prosecution the appellee, Deskins, recovered a judgment against the appellant, Dunn. The principal ground relied on for reversal is the error of the court in refusing to instruct the jury to find a verdict for the defendant.

The record shows that Deskins was indicted by the grand jury of Magoffin County on the charge of forgery, committed by forging the name of John Dunn, the appellant, to a check for $50, drawn on the Salyersville National Bank, payable to the order of Deskins, and purporting to have been signed by Dunn. This check, it appears, was endorsed by Deskins to Abney Barnes & Company, and when it was presented by this company to the Salyersville Bank for payment, the cashier of the bank refused to honor the check and protested it, for the reason assigned in the notice of protest, that the signature was not genuine. Thereafter Abney Barnes & Company sent the check to its attorney, Gardner, and through him the matter was brought to the attention of the grand jury.

On a trial under this indictment Deskins was acquitted, and thereupon he brought this suit against Dunn, charging that Dunn had wrongfully, maliciously and without probable cause, procured the indictment against him.

Deskins, in his own behalf, testified to his indictment and acquittal, but did not give any evidence tending to show that Dunn had anything to do with procuring the indictment.

Stephens, the cashier of the bank, who protested the check because the signature was not genuine, testified in behalf of Deskins and said that in his opinion the signature was in the handwriting of Dunn. Asked why he protested the check on this ground, he said "that he knew there was some law suits pending between the plaintiff and defendant, and the check was not signed in the usual way the defendant, John M. Dunn, signed his name, and he was afraid there might be some trouble over it, and he, therefore, protested it."

W. R. May, the assistant cashier of the bank, also introduced as a witness, said in his opinion the signature was in the handwriting of Dunn.

E. B. Dyer, who was foreman of the grand jury that found the indictment, when introduced as a witness for Deskins, said that John H. Gardner, an attorney, came before the grand jury with the check and protest and a letter from Deskins to Abney Barnes & Company. That the Commonwealth's attorney directed the grand jury to have before them Stephens, the cashier of the bank, but as he could not be found, W. R. May, the assistant cashier, testified. That on the writings before the grand jury and the evidence of Gardner and May the indictment would have been found. Asked if Dunn did not procure the indictment to be made, the witness answered no. Asked if Dunn was not before the grand jury insisting on the indictment being found, the witness stated that the grand jury had Dunn called and asked him if he had signed the check, and he said he did not. This witness further said that if Dunn had not testified that he did not sign the check, the indictment would not have been found. That the grand jury had considered the evidence and would have found the indictment on the evidence of Gardner and May, corroborated by the evidence of Dunn.

This was all the evidence introduced by the plaintiff, and it was wholly insufficient to warrant the submission of the case to the jury, and the motion for a directed verdict should have been sustained.

When it was overruled, Dunn, testifying in his own behalf, said, in substance, that he did not sign his name to the check, nor did he have anything to do with procuring the indictment to be found. That he did not voluntarily go before the grand jury, but appeared in obedience to its request. He further said that at the time the indictment was found he was not very friendly with Deskins, and when he learned about the check and its protest he did threaten to prosecute Deskins, but got in a good humor before the court convened at which the indictment was found and did not say much about it. It also appears that on the trial of the indictment, at the request of the Commonwealth's attorney, he sat by and consulted with him about the case.

Johnson, a member of the grand jury, testified that the indictment was found on the testimony of Gardner and the check and other evidence before them.

We do not find anything in this evidence tending to show that Dunn either wrongfully or maliciously or

without probable cause procured this indictment to be found. In McClarty v. Bickel, 155 Ky., 254, it was said: "To sustain an action for malicious prosecution it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. It must be maliciously done and without probable cause and malice, want of probable cause and a procuring of the warrant or indictment must concur. Schott v. Indiana National Life Ins. Co., 160 Ky., 533."

The court should have instructed the jury to return a verdict for the defendant, and, if there is another trial, and the evidence is substantially the same as on this one, the court should so instruct the jury.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.