## Cincinnati, New Orleans & Texas Pacific Railway Company v. Beddow.

(Decided October 1, 1920.)

### Appeal from Boyle Circuit Court.

1. Malicious Prosecution—Advice of Counsel.—Advice of competent counsel, fairly obtained, exempts the party acting upon it from the imputation of proceeding maliciously and without probable cause.

2. Malicious Prosecution—Probable Cause.—It is a question of law for the court as to what facts constitute probable cause and appellant having made out a complete defense on the plea of advice of counsel, a peremptory instruction was proper.

CHARLES H. RODES, NELSON D. RODES, EDWARD COLSTON and JOHN GALVIN for appellant.

BAGBY & HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellee was employed by appellant as a fireman on a switch engine in its yards at Danville, Ky. On June 26,

1917, a car containing shelled corn was damaged by coming in contact with another car, as a result of which, and of the necessary switching of the car, corn was scattered for a considerable distance over the railroad yards and a large quantity of corn was lost. Appellee procured three sacks and gathered several bushels of the corn which he took home to feed his chickens, but later, upon request, he delivered it to the company.

Some months later while two of appellant's special agents were in the office of the United States Commissioner on other business, they mentioned the matter of the lost corn. Having gathered from the statements of the detectives that Luther Rice, a tower man employed by appellant, was conversant with the facts, the commissioner requested one of the agents to have Rice come to his office the next day. Rice was put under oath and asked to tell what he knew about the loss of the corn, and upon the statement thus made the commissioner prepared an affidavit and had Rice sign it. With the facts contained in this affidavit as a foundation, appellee was ordered to appear before the commissioner at a subsequent date, and upon a hearing he was held to the federal court at Covington. The federal grand jury failed to indict him, but he was later indicted for the offense under the federal statute of stealing from a railroad car by another jury at Richmond. At the trial however the court instructed the jury to find appellee not guilty of the offense on the ground that the corn had not been stolen or taken from a car as provided by the statute.

Thereafter appellee instituted this suit for malicious prosecution against appellant and from a judgment in his favor this appeal has been taken.

The commissioner, a lawyer of wide experience in such matters, ordered appellee held to the federal court because in his judgment there were reasonable grounds for believing the laws of the United States had been violated. He says appellant's agents did not ask him to issue a warrant and when he requested them to make an affidavit about the matter they declined to do it. He further states that it was made clear to him the corn found in appellee's possession was not taken from the car, but was gathered from the ground in the company's yards.

Rice testified that he obeyed the summons to appear before the commissioner and after he had given such information as he had he was told by the commissioner to sign the affidavit which had been prepared; this he did,

but that he did not tell the commissioner the corn had been taken from the car, as he afterward learned it was stated in the affidavit.

The assistant United States district attorney, who had charge of the matter before the federal grand juries, says he anticipated the point would be made that the corn was not taken direct from the car and therefore the case was not cognizable under the federal statute, but he was convinced nevertheless that appellee was guilty of the offense and he felt it was his duty to present the case to the grand jury for that reason.

From these undisputed facts it would seem the commissioner and not appellant's servants took the initiative in the matter. Both of the detectives declined to make affidavits upon which a prosecution could be founded. It was only upon the request of the commissioner that Rice appeared before him and as a result of their conference gave the affidavit that led to the prosecution. But treating the company's employees as the instigators, and alone responsible for the proceedings, appellant has a complete defense to the present action. Both the commissioner and the assistant district attorney, upon whose advice the indictment was secured, are lawyers of high standing and unquestioned ability. Where, as here, a party submits to a competent attorney all the facts bearing upon a matter of which he has knowledge or could have ascertained by reasonable diligence, and in good faith acts upon the advice thus fairly obtained, the absence of malice is established, the want of probable cause is negatived and an action for malicious prosecution will not lie. The advice of counsel properly obtained is a complete defense to an action for malicious prosecution, although it may appear that the facts did not warrant the prosecution.

In Dyer v. Singer Sewing Machine Co., 164 Ky. 538, 175 S. W. 1037, for example, it was held that error of law on the part of the county attorney, whose advice was sought and followed, did not deprive the company of the defense that its representative acted upon the advice of counsel. And see further 26 Cyc. 31; Newell on Malicious Prosecution, 310; Lancaster v. Langston, 18 Rep. 299, 36 S. W. 521; Mesker, etc. v. McCourt, etc., 19 Rep. 1897, 44 S. W. 975; National Life & Accident Co. v. Gibson, 31 Rep. 111, 101 S. W. 895; 12 L. R. A. (N. S.) 717; Farmers & Traders Tob. Warehouse Co. v. Gibbons, 107 Ky. 611, 55 S. W. 2; Weddington v. White, 148 Ky. 671, 147 S. W. 17; United Furniture Co. v. Wills, 158 Ky. 806,

179 S. W. 600. Tandy v. Riley, 26 Rep. 98, 80 S. W. 776, involved facts quite similar to those found here.   In that case appellee reported certain facts to the Commonwealth's attorney and at the latter's request testified before the grand jury giving to the jury the names of two other witnesses.   At the conclusion of the testimony, in a suit for malicious prosecution that followed, the court directed the jury to find for the defendant and this was affirmed on appeal.

The advice of counsel, however, is only a defense in such actions when all the facts bearing upon the guilt or innocence of the accused which the prosecutor or informant knew or could have ascertained by reasonable inquiry are fully and fairly disclosed to counsel.  We are satisfied this was done in the present instance.

It being a question of law for the court as to what facts constitute probable cause, and appellant having made out a complete defense to the action, the lower court should have sustained the motion for a directed verdict, and this will be the order upon a retrial, the evidence being substantially the same.

Judgment reversed for further proceedings consistent herewith.