## Louisville & N. R. Co. et al. v. Sharp.

May 3, 1940.

Flem D. Sampson, Judge.

J. J. Tye, J. Miller White and **H. T. Lively** for appellants.
Luker & Luker for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellants, Louisville & Nashville Railroad Company, Fred W. Ball and A. H. Henderson, are appealing from a judgment for $3,000 rendered against them in behalf of the appellee, C. O. Sharp, in an action for malicious prosecution.

Ball and Henderson, employed as police officers by the Company, received what they regarded as reliable information that appellee, Sharp, also an employee of the Company, and whom Ball and Henderson did not know, had on his premises certain tools which had been stolen from the Company. Having communicated this fact to their superior officer, they were instructed by him to consult Tye, Siler, Gillis and Siler, attorneys for the company, at Williamsburg, Kentucky, and be guided by their advice. They consulted with Judge H. H. Tye and Mr. Henry C. Gillis, members of that firm, and informed them that they had reliable information as to the possession of the stolen tools by Sharp. They were not asked the name of their informant by the attorneys and did not communicate the name to them. As a matter of fact, these officers state that while they had seen their informant before and knew he was an employee of the Company they did not know his name but had received reliable information of this character from him on previous occasions.

At this conference these attorneys prepared an affidavit for a search warrant and directed the officers to take the affidavit before a magistrate and procure a warrant which they did. The warrant was placed in the hands of a constable and Ball and Henderson, with two other employees for 'he Company, accompanied the constable when it was executed.

Upon the execution of this search warrant the officers found in appellee's garage some hammers and other tools with the L. & N. brand on them. In appellee's basement they found in a tool chest a number of wrenches, hammers, chisels and other tools belonging to the Company and in a small tin box contained within the tool chest they found approximately 150 pencils with the L. & N. brand thereon. Two extension cords were also found, one of which was strung along the

joists in the basement. The property found on the search was variously valued in the evidence at from $12 to $36 and a considerable portion of it had the L. & N. brand on it.

The appellee states that he did not know this property was on his premises and that it was "planted" there by someone. He states that during the course of the search Henderson cursed him and said "We have come out here to get you fired" and also cursed his wife. Employees of the Company, who were taken along for that purpose, identified all of the property as belonging to the Company. In fact, appellee admits that it was property of the Company but insists that he did not know it was there.

No warrant of arrest was issued for appellee but at the next term of the circuit court appellant, Ball, was before the grand jury on a number of cases and testified as to the search made of appellee's home. An indictment was returned charging appellee with grand larceny, but this indictment was dismissed on motion of the Commonwealth and the cause was re-referred to the grand jury, whereupon an indictment was returned against appellee for knowingly receiving stolen property. On the calling of this indictment for trial it was dismissed by the Commonwealth Attorney, who assigned as a reason for the dismissal the insufficiency of the affidavit sworn to by Ball and Henderson on which the search warrant was based. The present action was filed after the dismissal of the indictment, culminating in the judgment above mentioned.

Appellants assign numerous grounds for reversal of the judgment, including the ground that the trial court should have directed a verdict in their behalf and no other ground will be discussed, since we have reached the conclusion that appellants are entitled to a reversal on this ground.

To maintain an action for malicious prosecution, both want of probable cause for the prosecution and malice on the part of the prosecutor must be affirmatively shown and probable cause is a complete defense. Schott v. Indiana Life Insurance Co., 160 Ky. 533, 169 S. W. 1023, Ann. Cas. 1916A, 337; Bruce v. Scully, 162 Ky. 296, 172 S. W. 530; Dunn v. Deskins, 163 Ky. 689,

174 S. W. 501; Hogg v. Lorenz, 234 Ky. 751, 29 S. W. (2d) 17.

It is a question of law for the court as to what facts constitute probable cause. Cincinnati, N. O. & T. P. R. Co. v. Beddow, 189 Ky. 140, 224 S. W. 674; Davis v. Brady, 218 Ky. 384, 291 S. W. 412. In the instant case there is practically no dispute as to facts since there is no doubt that Ball and Henderson had information that the stolen property was on appellee's premises and that the stolen property was found there. Appellee merely contends that he did not know it was there.

The facts unquestionable establish that appellants had probable cause both for obtaining the search warrant and for securing the indictment against appellee. When Ball and Henderson received information that the stolen property was on appellee's premises, they undoubtedly had probable cause for obtaining the search warrant if the information was reliable. They regarded the information as reliable and subsequent events establish beyond doubt that this was true for the finding of the Company's property on appellee's premises showed beyond question the reliability of their information. See annotation in 125 A. L. R. beginning on page 897, and Illinois Cent. R. Co. v. Anderson, 206 Ky. 600, 268 S. W. 311.

Much argument is indulged in in the briefs as to whether the affidavit prepared by the attorneys and signed by Ball and Henderson was sufficient to constitute probable cause to the magistrate for the issuance of the warrant, but we consider that question as immaterial, since probable cause for the issuance of the warrant is not the probable cause in question here. The probable cause we are dealing with is the probable cause for signing the affidavit and instituting the prosecution. When Ball and Henderson signed this affidavit, they had probable cause for doing so because they had reliable information that appellee was in possession of the stolen property. They could not be presumed to know the necessary allegations to constitute a valid affidavit and were unquestionably justified in relying on the attorneys to prepare the affidavit. They had fully informed the attorneys of the only material fact known to them and, having done so, were entitled to rely on the attorneys properly to prepare the affidavit. Where one, before

procuring the arrest of another, lays all the facts upon which he bases his prosecution before a competent attorney and fairly obtains his advice and then in good faith acts on such advice it is a complete defense. Moser v. Fable, 164 Ky. 517, 175 S. W. 997; Cincinnati N. O. & T. P. R. Co. v. Beddow, supra; J. B. Colt Company v. Grubbs, 206 Ky. 809, 268 S. W. 817. Although the affidavit was defectively drawn so that no probable cause appeared to the magistrate justifying the issuance of the search warrant, nevertheless Ball and Henderson did have probable cause to institute the prosecution by signing the affidavit to procure the warrant. The defective preparation of the affidavit, assuming that it was defective, was solely due to the advice of competent attorneys to whom sufficient grounds had been stated to constitute probable cause for the issuance of a search warrant if the affidavit had been properly drawn. This is a complete defense in so far as the sufficiency of the affidavit is concerned.

Appellant, Ball, when he appeared before the grand jury and obtained the indictment against appellee, also had probable cause for doing so. At that time there had been no judicial determination that the search warrant and affidavit on which it was based were defective and Ball at that time knew that the stolen property in controversy had been found on appellee's premises and that appellee admitted that the property belonged to the Company. This was ample to constitute probable cause for having the indictment returned because when it is shown that one is in possession of stolen property that fact alone is sufficient to sustain a conviction. As a matter of fact, Section 1199, Kentucky Statutes, provides that the possession of any stolen goods shall be prima facie evidence of guilt—the possession of stolen property casts on the possessor the burden of proving that his possession was honestly acquired.

Probable cause, as often defined in this court, means such ground as would induce a man of ordinary prudence to believe that the person prosecuted had committed the crime charged. Ball, being in possession of knowledge that the stolen goods were in appellee's possession, a fact constituting prima facie evidence of his guilt, and a fact concerning which no satisfactory or plausible explanation was offered, undoubtedly had such

ground as would induce a man of ordinary prudence to believe that appellee was guilty. The explanation of his possession offered by appellee at the trial of this action is most unconvincing. His only explanation at the time of the search was that he did not know the property was there, an explanation that no reasonable man could be expected to give credence to in view of the conditions described in the evidence.

Since probable cause existed for procuring both the search warrant and the indictment, the trial court should have directed a verdict in appellants' behalf. All other questions are reserved.

Judgment reversed with directions to grant the appellants a new trial and for further proceedings consistent with this opinion.