# Wren v. Cornelius.

Nov. 8, 1940.

W. E. Begley, Judge.

J. R. Llewellyn for appellant.

D. M. Allen and Edw. R. Hays for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellant caused appellee to be indicted for the crime of feloniously cutting and carrying away timber of the value of $20 from land owned by appellant to which appellee had no color of title; and on the trial of the indictment the appellee was acquitted. Thereupon, he sued appellant for malicious prosecution and recovered a judgment for $500 damages. This appeal is from that judgment.

In defense of the action, the appellant, after traversing the material allegations of the petition, pleaded that he had acted upon the advice of the Commonwealth's Attorney, and that he had probable cause for his action.

It is not necessary to discuss the question whether appellant laid all the facts before the Commonwealth's Attorney, since irrespective of the advice of that official, we are of the opinion that appellant had probable cause for appearing before the grand jury and procuring appellee's indictment.

'Appellant was an extensive landowner.. and the appellee was the owner of a 20-acre tract which he had inherited from his mother. The particular timber, the cutting of which was the subject of the indictment, was cut from what appellee claimed was his land near a wire which, according to appellee, had been strung in accordance with a survey to mark the dividing line between his and appellant's property. On one or more previous occasions appellant had caused appellee to be arrested for cutting and carrying away timber from other boundaries, and there can be no doubt that if, as the proof in the record indicates, appellant owned the land in controversy, he was fully justified in taking the matter before the grand jury since appellee admitted cutting the timber.

Appellant's counsel attempts to demonstrate by the deeds and surveys introduced in evidence that appellant owned the land, and appellee's counsel, although he does not attempt to dispute appellant's actual ownership, insists that his client in good faith claimed the ownership, and that appellant knew that appellee was in good faith claiming the ownership, and that he failed to inform the Commonwealth's Attorney of this fact at the time he instituted the prosecution. However, we shall not attempt to determine the legal title to the land but shall refer to the evidence which has convinced us that appellant had sufficient reason to believe that he owned it, and hence had probable cause for prosecuting appellee for cutting the timber.

Two surveyors who had surveyed appellant's boundary and one draftsman who had platted appellant's and appellee's respective properties, testified that the land from which the timber was cut by appellee was within appellant's boundary; and in addition to this convincing testimony, which appellee made no attempt to contradict, appellant proved by a surveyor who claimed to have been employed by appellee to run the line where the fence wire had been strung, that he, the surveyor, had merely followed appellee's instructions to run a straight line between two corners designated by appellee without displaying a deed, and that he, the surveyor, was unable to find any calls in the subsequently exhibited deed which corresponded with the line he had run. Appellee had testified, as had two of his witnesses, that the County Surveyor had run the disputed

line according to the calls in the deed to appellee's mother, but appellee failed to introduce the County Surveyor to substantiate his testimony or to contradict that given by appellant.

As we have heretofore indicated, the controlling question in the decision of this case is not whether appellant actually owned the land from which the timber was cut, or whether appellee owned, or in good faith believed he owned it, or whether appellant informed the Commonwealth's Attorney of appellee's claim, but solely whether appellant had probable cause to believe that he owned it and that appellee was without color of title. The testimony before us admits of none but an affirmative answer to that question, from which it follows that the trial court should have sustained appellant's motion, at the conclusion of all of the testimony, for a directed verdict. Louisville & Nashville Railroad Co. et al. v. Sharp, 282 Ky. 758, 140 S. W. (2d) 383.

Judgment reversed.