## WOOD v. HARMON.

Court of Appeals of Kentucky.
Nov. 21, 1952.

J. C. Bird, Williamsburg, for appellant.

George W. Hatfield, Jr., Leonard S. Stephens, Whitley City, for appellee.

WADDILL, Commissioner.

This action was brought by appellant, Mrs. Lora Wood, against appellee, Judson Harmon, to recover damages for an alleged malicious prosecution. A jury decided for appellee, Harmon. Appellant seeks a reversal of the judgment urging that she was entitled to a directed verdict in her favor and that the evidence is insufficient to support the verdict of the jury.

The action is predicated upon the allegation that appellee maliciously and without probable cause appeared before the grand jury of McCreary County, Kentucky, and testified falsely against appellant and procured other witnesses to appear and testify against her, thereby causing the grand jury to indict her for the offense of counterfeiting a mortgage, a felony denounced by KRS 434.130.

The first event leading to the present litigation occurred when appellant appeared at a judicial sale and announced that she held a mortgage against the land of her husband being offered for sale and that

any one purchasing the property would buy themselves a lawsuit. The property had been ordered to be sold to satisfy a judgment held by appellee.

Later, appellee conducted an investigation concerning appellant's mortgage and was informed by the notary public who took the acknowledgment appearing on the mortgage that he did not notarize the instrument on August 16, 1948, the date shown by the notary certificate on the instrument. The notary gave appellee an affidavit that his records reflected that the mortgage from C. D. Wood and Evadine Wood to Lora Wood was produced and notarized by him on April 6, 1949.

At the August Term, 1949, of the Mc-Creary Circuit Court, the appellee related to the Commonwealth's Attorney the information he had concerning the mortgage. The Commonwealth's Attorney made an independent investigation of the matter and then directed appellee to appear before the grand jury. As a result of the testimony of appellee and others who appeared before the grand jury, appellant was indicted for fraudulently counterfeiting a mortgage. However, when placed upon trial she was acquitted.

■ We have many cases holding that if one, before instituting criminal proceedings, has fairly and fully laid all the facts before a competent attorney and has obtained his advice that the proposed prosecution is proper and legal and then in good faith acts accordingly, it constitutes a good defense to an action of malicious prosecution. Harter v. Lewis Stores, Inc., Ky., 240 S.W.2d 86; Lexington Cab Co. v. Terrell, 282 Ky. 70, 137 S.W.2d 721; Emler v. Fox, 172 Ky. 290, 189 S.W. 469; and cases found in Vol. 13, West's Kentucky Digest under the subject of Malicious Prosecution, ©=21, 22; also see Restatement of the Law, Torts, Section 666. This is true even though the attorney may be in error in his advice. Baber v. Fitzgerald, 311 Ky. 382, 224 S.W.2d 135; Figuccion v. Prudential Ins. Co., 273 Ky. 287, 116 S.W.2d 291.

■ Under the evidence adduced we are of the opinion that the court should have

given a peremptory instruction in favor of appellee. Louisville & N. R. Co. v. Sharp, 282 Ky. 758, 140 S.W.2d 383; Hogg v. Lorenz, 234 Ky. 751, 29 S.W.2d 17; Schott v. Indiana Nat. Life Ins. Co., 160 Ky. 533, 169 S.W. 1023, Ann.Cas.1916A, 337; Bruce v. Scully, 162 Ky. 296, 172 S.W. 530; Dunn v. Deskins, 163 Ky. 689, 174 S.W. 501.

Judgment affirmed.