Mark CRAYCROFT, Appellant

v.

Rick PIPPIN, Appellee.

No. 2006–CA–001569–MR.

Court of Appeals of Kentucky.

Jan. 18, 2008.

Todd K. Bolus, Louisville, KY, for appellant.

Bixler W. Howland, Louisville, KY, for appellee.

Before COMBS, Chief Judge; ACREE and TAYLOR, Judges.

*OPINION*

TAYLOR, Judge.

Mark Craycroft brings this appeal from a July 5, 2006, summary judgment of the Jefferson Circuit Court dismissing Craycroft's claim of malicious prosecution. We vacate and remand.

In 2002, Craycroft, Michelle Pippin, and Michelle's four children were living in a house at 2101 Arnold Palmer Boulevard in Louisville, Kentucky. The home was previously the marital residence of Michelle and Rick Pippin, her ex-husband. During the divorce, the mortgage fell in arrears

and the bank foreclosed.[1] Pippin purchased the house at the foreclosure sale and obtained a deed to the property on May 30, 2002.

Upon taking possession of the residence, Pippin discovered extensive damage. The damage included holes in the roof, burns in the carpet, holes in the walls, severed wiring in the security system, destruction of a custom aquarium, and the disappearance of a large outdoor fountain and other appliances. Pippin estimated the total damage to be approximately $85,000.00.

Pippin allegedly received information from a neighbor who claimed to have witnessed Craycroft intentionally damaging the property after the foreclosure sale but before Pippin was deeded the property. Pippin executed a criminal complaint against Craycroft on November 13, 2002. The Jefferson County Attorney subsequently recommended that Craycroft be charged with theft by unlawful taking over $300.00 and criminal mischief in the first degree. On February 6, 2003, a preliminary hearing was held in Jefferson District Court. At the conclusion of this hearing, the court determined that probable cause existed to believe that Craycroft committed the offenses set forth in the criminal complaint. The case was presented to a Jefferson County Grand Jury, and Craycroft was indicted upon the offense of first-degree criminal mischief (Action No. 03–CR–0611). The case was subsequently set for a bench trial. Pursuant to a motion *in limine* filed by Craycroft, the circuit court dismissed the indictment on July 16, 2004, reasoning that Pippin had not acquired record title to the property prior to the damage being inflicted upon the property. In other words, at the time the alleged

crimes were committed against the property, Pippin was not the owner.

On May 17, 2005, Craycroft filed a complaint in the Jefferson Circuit Court alleging malicious prosecution against Pippin. Specifically, Craycroft alleged that Pippin maliciously instituted the prior criminal proceeding (Action No. 03–CR–0611) by filing a criminal complaint alleging Craycroft damaged the house. Pippin subsequently filed a motion for summary judgment. Therein, Pippin argued that the claim for malicious prosecution must fail because the district court made a determination of probable cause at the preliminary hearing. The circuit court ultimately agreed and granted Pippin's motion for summary judgment dismissing the claim of malicious prosecution. This appeal follows.

Craycroft contends the circuit court erred by entering summary judgment dismissing his malicious prosecution claim against Pippin. Summary judgment is proper where there exists no genuine issue of material fact and movant is entitled to judgment as a matter of law. Ky. R. Civ. P. 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991).

It is well-established that the elements necessary to maintain a claim for malicious prosecution are as follows:

(1)[T]he institution or continuation of original judicial proceedings ..., (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

---

1. The record reflects the foreclosure action was filed in 2001. The parties' divorce was final in 2002.

*Raine v. Drasin,* 621 S.W.2d 895, 899 (Ky. 1981). In this appeal, we are focused upon the fifth element—lack of probable cause. In his action for malicious prosecution, it was incumbent upon Craycroft to demonstrate that Pippin instituted and/or maintained Action No. 03–CR–0611 without probable cause. The lack of probable cause for initiating the prior criminal proceeding (Action No. 03–CR–0611) must be demonstrated in order to prevail upon the malicious prosecution claim.

In granting summary judgment, the circuit court concluded that Pippin possessed probable cause when he instituted Action No. 03–CR–0611 against Craycroft. The circuit court reasoned that the prior determination of probable cause by the district court at the preliminary hearing was conclusive and barred the instant malicious prosecution action:

> The record before this Court is clear. A preliminary hearing was held in Plaintiff's underlying criminal case in which the Jefferson District Court ruled that probable cause existed to turn the case over to the Grand Jury. The subsequent dismissal of the resulting indictment does not change this earlier finding. As a result, Kentucky law is clear that he cannot now maintain an action for malicious prosecution against the complaining witness—Mr. Pippin. For this reason, Mr. Pippin's motion will be granted.

Based upon this undisputed fact (the prior finding of probable cause at the preliminary hearing), the circuit court concluded, as a matter of law, that probable cause existed to institute the criminal proceeding (Action No. 03–CR–0611).

■ Generally, the element of lack of probable cause in a malicious prosecution action presents a mixed issue of law and fact. But, in this case, the "facts" upon which the circuit court based its probable cause determination were undisputed. When the underlying facts are undisputed, the issue of the existence of probable cause becomes a question of law for the court. Kentucky's highest court has framed the issue as follows:

> What facts and circumstances amount to probable cause is a question of law. Whether they exist or not, in any particular case where the evidence is conflicting, is a question of fact, to be determined by the jury. But where there is no conflict in the evidence, whether the facts shown amount to probable cause, is ordinarily a question of law for the court.

*F.S. Marshall Co. v. Brashear,* 238 Ky. 157, 37 S.W.2d 15, 17 (1931)(quoting *Emler v. Fox,* 172 Ky. 290, 189 S.W. 469, 471 (1916)). We review issues of law *de novo* and shall proceed with our analysis accordingly.

■ We believe the circuit court erred by concluding that the district court's prior finding of probable cause at the preliminary hearing *per se* and conclusively established the existence of probable cause barring the instant malicious prosecution action. Rather, we hold that a prior finding of probable cause at a preliminary hearing merely raises a rebuttable presumption that probable cause exists in the defense of a malicious prosecution action. *See Dean v. Noel,* 24 Ky.L.Rptr. 969, 70 S.W. 406 (1902); 52 Am.Jur. 2D *Malicious Prosecution* § 62 (2000); *cf. Davidson v. Castner–Knott Dry Goods Co., Inc.,* 202 S.W.3d 597 (Ky.App.2006)(holding that indictment by grand jury raises a rebuttable presumption of probable cause). Simply stated, a prior finding of probable cause at a preliminary hearing only raises a presumption that may be rebutted by evi-

dence.[2] As such, the circuit court erroneously concluded that the district court's prior finding of probable cause at the preliminary hearing in Action No. 03–CR–0611 was conclusive as a matter of law upon the issue of the existence of probable cause. 54 C.J.S. *Malicious Prosecution* § 31 (2005). Upon remand, the circuit court should reconsider its decision regarding the existence of probable cause and, in so doing, should consider the district court's prior finding of probable cause as raising a rebuttable presumption of the existence of probable cause. To the extent there is other evidence on this issue, the circuit court must consider same before rendering a decision.

We view Craycroft's remaining arguments to be without merit.

For the foregoing reasons, the summary judgment of the Jefferson Circuit Court is vacated and this cause is remanded for proceedings not inconsistent with this opinion.

ALL CONCUR.

2. For example, Mark Craycroft, who was accused of the various acts alleged that led to his indictment, is entitled to produce evidence that shows a lack of probable cause which could result in establishing one of the necessary elements for a malicious prosecution claim.