RENDERED: AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001436-MR

LISA BASTA                                                                APPELLANT

v.
APPEAL FROM HARRISON CIRCUIT COURT
HONORABLE JAY B. DELANEY, JUDGE
ACTION NO. 15-CI-00127

JERRY BACON AND KRISTIN BACON                         APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Lisa Basta appeals the summary judgment in favor of Jerry and

Kristin Bacon, and the dismissal of her complaint against them alleging malicious

prosecution and abuse of process. For the following reasons, we affirm.

# BACKGROUND

Basta and the Bacons were neighbors. On June 6, 2014, Basta's dog bit the Bacons' minor son on the face requiring medical treatment and 200 stitches. In an unrelated incident on October 1, 2014, the Bacons' minor daughter reported seeing Basta fire a weapon twice, in the area where the child was riding her horse. Mrs. Bacon, who was outside watching her daughter, heard two gunshots. The child informed Mrs. Bacon that Basta shot at her. Mr. Bacon was out of town when the latter incident occurred, but he was informed of it when he returned.

On October 3, 2014, Mr. Bacon sought advice from the Harrison County Attorney's Office as to how to proceed based on the information conveyed to him by his daughter and wife. In response, the county attorney drafted a criminal complaint that included charges of wanton endangerment (second degree) and harboring a vicious animal. Mr. Bacon signed the complaint and it was submitted to the judge of the Harrison District Court who found probable cause and issued a warrant for Basta. Basta was arrested and released on bail.

The county attorney later recommended to the Bacons that they drop the wanton endangerment charges and refile the charge as a stalking charge. Mrs. Bacon signed the new complaint drafted by the county attorney's office. Basta waived her right to a preliminary hearing on the stalking charge and the case was referred to the Harrison County grand jury, which returned a no true bill. Basta

was ultimately convicted of harboring a vicious animal though the charge was later reversed by the Harrison Circuit Court.

Following her hearing, Basta sued the Bacons alleging malicious prosecution and abuse of process. The Bacons moved for summary judgment. On August 24, 2018, the Harrison Circuit Court entered an opinion and order granting the Bacons' motion for summary judgment. This appeal follows.

## STANDARD OF REVIEW

Summary judgment review determines "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR[1] 56.03. "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

## ANALYSIS

*Malicious Prosecution*

In *Martin v. O'Daniel*, our Supreme Court clarified the elements that must be proved to sustain a claim of malicious prosecution. 507 S.W.3d 1, 11-12 (Ky. 2016). The elements are:

---

[1] Kentucky Rules of Civil Procedure.

1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;

2) the defendant acted without probable cause;

3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;

4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and

5) the plaintiff suffered damages as a result of the proceeding.

*Id.* In the case under review, the circuit court held as a matter of law that Basta could not establish the second element – that the Bacons acted without probable cause.

Specifically, the circuit court noted that the district court found probable cause based on the county attorney's draft of the complaint, thus creating a rebuttable presumption probable cause existed. *Craycroft v. Pippin*, 245 S.W.3d 804, 806 (Ky. App. 2008) ("prior finding of probable cause at a preliminary hearing merely raises a rebuttable presumption that probable cause exists in the defense of a malicious prosecution action"). The circuit court correctly held that Basta bore the burden of presenting evidence to rebut the presumption.

The circuit court went on to say, "Related to this issue is the fact that the [Bacons] instituted the charges on the advice of counsel, the Harrison County Attorney's office." To support that holding, the court cited *Flynn v. Songer*, which says: "advice of counsel is a defense in an action for malicious prosecution . . . because advice of counsel really is a form of probable cause . . . ." 399 S.W.2d 491, 495 (Ky. 1966). The court also noted that this principle is qualified by the requirement that the defendants in a malicious prosecution case must tell counsel the truth about the material facts. *See id.* ("[H]e had acted on the advice of counsel *after full disclosure of the material facts*." (emphasis added)). In this case at least, the advice-of-counsel defense and the presumption of probable cause both can be overcome by evidence that the defendants failed to tell the truth or the whole truth about the incident. The circuit court found Basta could not prove the Bacons failed to satisfy the condition of fully disclosing to the prosecutor the facts as known to them. We agree.

The circuit court said in its summary judgment:

> The parties agree that the facts as stated in the dog bite complaints are true even though [Basta] state[s] that the facts do not constitute a crime. Regarding the shooting incident, Jerry Bacon relayed what his daughter told him to the Harrison County Attorney. His daughter's account was somewhat corroborated by his wife who heard the gunshots.

We also note that Basta admitted to a sheriff's deputy who was investigating the charge that she "had fired a handgun at a stray cat to scare it away." (Appellant's brief, p. 4). The circuit court went on:

> [Basta] ha[s] not asserted that he [Jerry Bacon] did not accurately relay what his daughter told him to the Harrison County Attorney. The parties also agree that the Harrison County Attorney's office drafted the complaints and advised on the appropriate charges and the [Bacons] signed the complaints. There is no evidence that the defendants did not follow the advice given by the County Attorney's Office.

That is not contradicted.

Basta points to the deputy sheriff's testimony that he would have exercised his discretion as a police officer and not pursued criminal charges against Basta. However, the deputy's opinion testimony, given well after the incident, does not create a genuine issue regarding the critical material fact of whether there was probable cause. He does not refute the adequacy of the facts Bacon presented to the county attorney who exercised prosecutorial discretion and pursued charges, upon which the district court found probable cause.

Basta does not claim there were "numerous factual omissions in" the information provided to, or "blatant concealment of material facts" from, the prosecutor. *Garcia v. Whitaker*, 400 S.W.3d 270, 275-76 (Ky. 2013). She only disputes the claim that, although she may have fired a pistol at a cat, she did not shoot in the direction of the Bacons' daughter. Her argument is not persuasive.

Two things can be true at the same time: (1) that Basta is not guilty of shooting in the direction of the Bacons' daughter, and (2) that the Bacons' full and truthful information and beliefs expressed to the prosecutor justified the finding of probable cause. *Id.* at 274 ("Probable cause is that which 'would induce a man of ordinary prudence to believe that the person prosecuted had committed the crime charged.'" (quoting *Louisville & N.R. Co. v. Sharp,* 282 Ky. 758, 140 S.W.2d 383, 385 (1940))).

Basta failed to create a genuine issue of material fact to rebut the presumption of probable cause, the lack of which is a necessary element of a claim of malicious prosecution.

*Abuse of Process*

Although "the two torts of abuse of process and malicious prosecution often accompany one another, they are distinct causes of action." *Garcia*, 400 S.W.3d at 277. The distinction is that a malicious prosecution consists in maliciously causing process to be issued, whereas an abuse of process is the employment of legal process for some purpose other than that which it was intended by the law to effect. *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998) (abuse of process claim seeks damages for "the irregular or wrongful employment of a judicial proceeding").

An abuse of process claim requires proof of "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Garcia*, 400 S.W.3d at 276 (quoting *Simpson,* 962 S.W.2d at 394). A reviewing court "must look for '[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process[.]'" *Id.* at 277 (citing *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981), *abrogated on other grounds by Martin*, 507 S.W.3d 1, and W. Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1971)). "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion . . . ." *Simpson*, 962 S.W.2d at 394-95. The circuit court found that, "even reviewing the evidence in a light most favorable to [Basta, she] would not be able to produce evidence required to meet the elements of an abuse of process claim." We agree.

Basta claims the Bacons' ulterior purpose was to secure a more favorable settlement from Basta's insurer in the dog bite case. She claims that, during settlement negotiations, the Bacons' "attorney informed [Basta's] insurance company representatives that there were criminal charges pending [against her]." Basta argues this constitutes the necessary willful act and also serves as proof of the ulterior motive. However, the record supports the circuit court's finding that:

> There is no evidence that this was anything other than a
> brief mention of that particular fact. There is no evidence

that the insurance representatives felt that this was brought up to influence the settlement regarding the dog bite incident, and in fact [the insurance representatives] indicated that it was necessary and normal information to receive during negotiations such as the ones that occurred in the dog bite case.

In support, the circuit court cited *Sprint Communications Co., L.P. v. Leggett*, 307 S.W.3d 109 (Ky. 2010). *Sprint* says: "The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." *Id.* at 117. The evidence in this case is not sufficient to have created a genuine issue that the Bacons had an ulterior purpose in mind when their representative made a factual statement to Basta's representative. That is, there is no proof the Bacons initiated criminal charges against Basta as "coercion to obtain a collateral advantage . . . , such as the . . . payment of money, by the use of the process as a threat or a club … in other words, a form of extortion . . . ." *Simpson*, 962 S.W.2d at 395 (quoting W. Prosser, *Handbook of the Law of Torts*, § 121 (4th ed. 1971) (internal quotation marks omitted)). As in *Simpson*, the record here lacks proof of any "ulterior purpose" for the Bacons' decision to file the criminal charges.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's August 24, 2018 order granting summary judgment in favor of the Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jason Rapp
Lexington, Kentucky

BRIEF FOR APPELLEES:

Jesse P. Melcher
Mount Olivet, Kentucky