RENDERED: APRIL 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0398-MR

RESHAWNDA SCOTT APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v. HONORABLE MITCH PERRY, JUDGE
ACTION NO. 19-CI-000340

IMPERIAL RECOVERY AGENCY, INC. AND
RUSSELL LESLIE APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE: Reshawnda Scott appeals from an order of the

Jefferson Circuit Court which granted summary judgment to Imperial Recovery

Agency, Inc. and Russell Leslie.[1] The court's order dismissed Appellant's claims

---

[1] Mr. Leslie is an employee of Imperial.

of malicious prosecution and negligent infliction of emotional distress.[2]  We find

no error and affirm.

## FACTS AND PROCEDURAL HISTORY

In April of 2016, Appellant entered into a title-lien agreement with

Santander Consumer USA for the purpose of financing the purchase of a 2015

Chrysler 200.  The agreement included terms indicating that the car would be

repossessed if Appellant defaulted on the payments.  A couple months after

entering into the agreement, Appellant stopped making payments.  Around the time

that Appellant defaulted on her loan, Santander assigned its interests under the

agreement to Innovate Loan Servicing Corporation.

Innovate directed Imperial to perform an involuntary repossession of

the vehicle.  The repossession happened at Appellant's place of employment.

Appellant was later able to track down the location of the car.  Appellant claims

that she was able to go to the repossession location and retrieve the car without any

incident and without paying any fees.  Appellees claim that someone

accompanying Appellant to the location brandished a gun and forced Imperial

employees to turn over the car.  Imperial employees then called the police and

---

[2] Appellant's appeal only concerns the malicious prosecution claim.  She has raised no arguments regarding the negligent infliction of emotional distress issue.

reported the car as stolen. Appellees also filed a criminal complaint against Appellant.

On August 22, 2016, an Imperial employee requested that police accompany him to Appellant's house in order to effectuate another repossession. Once at Appellant's residence, the police officer who accompanied the tow truck driver discovered that the vehicle had been reported stolen. Appellant was arrested and charged with receiving stolen property. The vehicle was also repossessed at that time.

During Appellant's probable cause hearing in the criminal division of the Jefferson District Court, the officer who arrested Appellant testified about the events which occurred on August 22, 2016. There was no testimony during the hearing regarding the previous repossession or Appellant recovering her vehicle. The district court found there was no probable cause for the arrest and dismissed the case. The district judge made the following statement from the bench: "If there is additional evidence or additional information that the lienholder has, perhaps that they had already repossessed the car, and she came and stole it back, any additional information can be taken direct through the Commonwealth Attorney's office."

Following the dismissal of the criminal case, Appellant brought the underlying action against Appellees alleging malicious prosecution and negligent

infliction of emotional distress. After some discovery, Appellees moved for summary judgment. They argued that despite the district court's dismissal of the criminal charges, there was probable cause for Imperial to bring criminal charges against Appellant and for the arrest because Appellant impermissibly took the car from Imperial after it had been repossessed. The trial court agreed and held that Appellant had no right to take possession of the car after it had been repossessed without proper payment to her loan servicer. The trial court held there was probable cause for the arrest and entered summary judgment in favor of Appellees. This appeal followed.

## ANALYSIS

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

"Historically, the tort of malicious prosecution has been disfavored because it runs contrary to the public policy supporting the exposure and

prosecution of criminal conduct. We express that disfavor by requiring strict compliance with the prerequisites for maintaining a malicious prosecution action." *Martin v. O'Daniel*, 507 S.W.3d 1, 7 (Ky. 2016) (citations omitted).

> A malicious prosecution action may be established by showing that:
>
> 1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff;
>
> 2) the defendant acted without probable cause;
>
> 3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based;
>
> 4) the proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and
>
> 5) the plaintiff suffered damages as a result of the proceeding.

*Id.* at 11-12.

Here, the trial court only addressed the probable cause element of malicious prosecution. We believe this element is dispositive in this case; therefore, we will focus on it. "[A] prior finding of probable cause at a preliminary hearing only raises a presumption that may be rebutted by evidence." *Craycroft v. Pippin*, 245 S.W.3d 804, 806 (Ky. App. 2008) (footnote omitted). We believe the

-5-

same is true for a prior finding of a lack of probable cause. Even though the district court found no probable cause to substantiate the criminal charge, the circuit court properly examined the issue again and found there was probable cause. We agree with the circuit court.

Appellant was charged with receiving stolen property, but Imperial's criminal complaint alleged theft by unlawful taking. Kentucky Revised Statutes (KRS) 514.030(1) defines theft by unlawful taking as follows:

> Except as otherwise provided in KRS 217.181, a person is guilty of theft by unlawful taking or disposition when he unlawfully:
>
> (a) Takes or exercises control over movable property of another with intent to deprive him thereof; or
>
> (b) Obtains immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

We will now examine whether Appellees had probable cause to file the criminal complaint against Appellant. "Probable cause, as often defined in this court, means such ground as would induce a man of ordinary prudence to believe that the person prosecuted had committed the crime charged." *Louisville & N. R. Co. v. Sharp*, 282 Ky. 758, 140 S.W.2d 383, 385 (1940). Here, discovery indicated that Appellant's vehicle had been properly repossessed by Imperial pursuant to the title-lien agreement. According to that agreement, Appellant could recover the vehicle only after she tendered a certain amount of money to her loan servicer.

-6-

Appellant made no payments when she recovered the car and took the car without Imperial's permission. Based on these facts, we believe Appellees had probable cause to initiate a criminal complaint against Appellant. Furthermore, our holding is supported by the statement made by the district court during the probable cause hearing in the criminal action.

## CONCLUSION

Based on the foregoing, we conclude that Appellees had probable cause to file a criminal complaint against Appellant. Seeing as Appellant could not satisfy the lack of probable cause element of malicious prosecution, the trial court properly granted summary judgment, and we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Shaun A. Wimberly, Sr.
Louisville, Kentucky

BRIEF FOR APPELLEES:

B. Scott Jones
Louisville, Kentucky